McKAMY, administrator, vs. COOPER.

81  679
106  818

81  679
121  792

1. While to a declaration in the ordinary form upon promissory notes, given by defendant's intestate for a certain engine, an amendment averring that when the intestate bought the engine he represented that he was twenty-one years old, and thereby defrauded plaintiff, introduced a new cause of action, yet as the jury were instructed that, though the intestate may have perpetrated such a fraud, this would not authorize plaintiff to recover if the intestate was at the time an infant, a new trial will not be granted because of error in allowing the amendment.

2. There being evidence that after the intestate had purchased the engine and after he arrived at twenty-one-years of age, he lived several weeks, and that neither he nor his administrator returned or offered to return the engine, it was not error to charge that, if the intestate retained the engine after reaching the age of twenty-one, this was a ratification of the contract and made it good, though when it was made the intestate may have been an infant.

3. A charge that if the intestate was engaged in business on his own account by permission of the law or of his parents, and if the engine was bought by him to aid him in carrying on this business, he would be liable upon the contract, was not error, there being some evidence to sustain such charge.

December 10, 1888.

Amendment. Charge of court. Contracts. Infancy. Ratification. Before Judge FAIN. Murray superior court. April term, 1888.

Reported in the decision.

TRAMMELL STARR and R. J. McCAMY, for plaintiff in error.

W. K. MOORE and McCUTCHEN & SHUMATE, contra.

BLANDFORD, Justice.

Cooper sued McKamy, as administrator of Miller, upon several promissory notes given in the lifetime of the intestate, for a ten horse power traction engine.

The administrator pleaded that, at the time this trans-
action took place, his intestate was under the age of
twenty-one.    The case went to trial, and a verdict was
found for the plaintiff; whereupon the administrator
moved for a new trial upon several grounds.

1. One of the grounds of the motion for a new trial
was, that the court erred in allowing the plaintiff to
amend his declaration at the trial by averring that, when
Miller bought the engine, he represented that he was
twenty-one years of age, and thereby perpetrated a
fraud upon the plaintiff; and praying equitable relief.
The objection to this amendment was well-taken.    The
amendment constituted, in effect, a new cause of action.
But while the court may have erred in allowing this
amendment, the jury were, nevertheless, instructed by
the charge of the court that, although Miller may
have perpetrated a fraud in alleging that he was twenty-
one years of age, this would not authorize the plaintiff
to recover upon the contract, if Miller was at the time
an infant.

2. It is insisted that the court erred in charging that
if Miller retained possession of the engine after reach-
ing the age of twenty-one, this was a ratification of the
contract and made it a good contract, although it may
have been made while Miller was an infant.    It was
contended that this was erroneous because there was
no evidence upon which to base it.    We find, however,
upon an examination of the record, that there is suffi-
cient evidence to authorize the charge; and under our
code, the principle of law as given in charge, is correct.
It was a very close question whether or not this intes-
tate was twenty-one years of age when he made the
contract.    The evidence for the plaintiff strongly in-
clines me to think that he was.    But whether he was
or not, it appears from the testimony introduced by the

administrator himself, that after the intestate had purchased the engine, and after he had arrived at the age of twenty-one, he lived for some weeks, and did not return the engine or offer to return it; nor did the administrator, who took his place, return or offer to return it. And the administrator could have done so if his intestate, in consequence of ill health, was unable to do so in the short period he lived after attaining his majority.

3. It is further objected that the court charged that if Miller was engaged in business on his own account, by permission of the law or his parents, and this engine was bought by him to aid him in carrying on this business, he would be liable upon the contract. Such is the law, under the code, and we find some evidence in the record to authorize the charge. It is not true that it is wholly without evidence to authorize it.

Looking at the whole case, we are satisfied that justice has been done, and that there are no such errors of law as would warrant us in granting a new trial.

Judgment affirmed.