## 824. JAMES *v.* SASSER *et al.*

An infant, who by the permission of his parent is engaged in the business of farming, may lawfully contract for fertilizers to be used on his farm; but if an infant and an adult having separate farms buy, upon joint note, a quantity of fertilizers, some of which is to be used on the farm of one of them and some on that of the other, and the minor pays for the portion used on his farm, he can not be held to further liability on the note.

Appeal, from Early superior court—Judge Worrill. October 10, 1907.

Submitted January 20,—Decided February 11, 1908.

*Pottle & Glessner,* for plaintiff.  *H. M. Calhoun,* for defendant.

POWELL, J.  Sasser Sr. and his son, Sasser Jr., executed a joint note to James for guano. Sasser Jr. was a minor; but by the consent of his parent he engaged in the business of farming. The farms of father and son were entirely separate. They bought of James enough fertilizers for both farms, and executed a joint note; but James' agent knew at that time that it was to be used separately by them, and that neither of the parties had any direct interest in the farm of the other. Sasser Jr. paid for all the guano used on his farm, but his father did not pay for his part. James brought suit upon the note; Sasser Jr. pleaded infancy; the above facts, undisputed, appeared, and the judge directed a verdict, for the amount remaining due, against Sasser Sr. only; thereby holding Sasser Jr. not liable. James brings error.

Under the Civil Code, §3650, in order to hold an infant upon a contract, not made for necessaries, it must appear, (1) that he was practicing a profession or trade, or was engaged in a business; (2) that he had the permission of his parent, of his guardian, or of the law, to pursue that occupation; (3) and also that the contract was connected with that profession, trade, or business. The burden of proving the existence of all these conditions rests upon the party asserting the. validity of the contract. A contract of

guaranty or suretyship is not within the scope of any ordinary business. In a joint note executed by two persons, upon considerations moving separately to each of them, each obligor is substantially a surety or guarantor for the other as to that portion of the note representing the consideration not received by himself. Upon such a note it would be contrary to the spirit of the law that the infant should be bound in so far as he is merely a surety or guarantor. The plaintiff in error says that the joint note, being an entirety, must stand or fall as a whole. This may be true; but if so, it falls as a whole, not stands. Indeed there is respectable authority for saying that if an infant and an adult make a joint note or contract, it being voidable as to the infant, it is likewise voidable as to the adult. Clark v. Stanhope, 109 Ky. 521: At common law, if an infant and an adult were sued jointly and the infant pleaded his disability, the plaintiff could not enter a nol. pros. as to the infant and proceed as to the adult, but his case was nonsuited. Although the infant's contract was not wholly void, but merely voidable, the plaintiff might in such cases sue the adult alone on the contract, alleging a several and not a joint promise. See Boyle v. Webster, 79 Eng. C. L. (17 Q. B.) 950; Chandler v. Parkes, 3 Esp. 76; Jaffray v. Frebain, 5 Esp. 45.

It is unnecessary for us to decide how the plaintiff might have proceeded in this case if the infant had not paid off the note to the extent whereto he was capable of creating an absolutely binding liability against himself. If common law affords no adequate remedy to reach such cases, equity probably does. But this case now presents no such difficulty. The infant has paid all for which either law or equity could hold him liable, and the adult makes no question as to the manner by which he has had judgment rendered against him for the remainder of the note.

*Judgment affirmed.*