### 4466.  PEARSON *v.* WHITE & COCHRAN.

The evidence demanded a verdict in favor of the defendant in the justice's court, and the judge of the superior court erred in overruling the certiorari.

DECIDED JULY 22, 1913.

Certiorari; from Cherokee superior court—Judge Morris.  September 20, 1912.

*H. L. Patterson, J. A. Patterson,* for plaintiff in error.
*John W. Collins,* contra.

RUSSELL, J.  The suit was brought in a justice's court, upon a promissory note. The defendant filed a plea of infancy. The evidence is uncontradicted that he was a minor when the note was executed. The plaintiffs adduced testimony to the effect that the consideration of the note was an account for clothing furnished to the minor, and that for some years he had worked in some near-by mines, collecting his own wages and signing the weekly pay-roll. There was also evidence that he had conducted a farm, but this was irrelevant, because it appears that the farming was subsequent to the execution of the note. In behalf of the defendant there was testimony that he lived with his father, that the father's consent

for him to labor in the mines was upon the condition that the father was to draw such portion of his weekly wages as the father might desire, and that the son could collect nothing except such balance as the father had not drawn. The father further testified, that the clothing purchased from the plaintiffs was not necessary for his son, that he provided for the son all clothes and other necessaries suitable to his condition and station in life; and this was not disputed, the testimony for the plaintiffs showing merely that the articles furnished by the plaintiffs were clothing. The jury returned a verdict in favor of the plaintiffs, and it appears from the record that this was the second finding in their favor. The defendant's petition for certiorari was overruled, and he excepted.

We think the judge of the superior court erred in overruling the certiorari. In order to hold an infant upon his contract it must appear, (1) that he was practicing a profession or trade or engaged in some business as an adult; (2) that he had the permission of his parent or guardian to pursue such occupation or profession; (3) that the contract was connected with that trade, profession, or occupation. Civil Code, § 4235. None of these things appeared in the present case. The fact that the minor was working for wages with a mining company showed that he was not engaged in practicing a "profession or trade;" nor could his occupation as a laborer be called a "business." Furthermore, the plaintiffs were not entitled to recover on the theory that this account was for necessaries furnished; for the evidence was undisputed that all necessaries for the minor were furnished by his father. *James* v. *Sasser,* 3 *Ga. App.* 568 (60 S. E. 329). *Judgment reversed.*