## HARBER v. HARBER et al.

1. Where a testator bequeathed to his wife a money legacy in lieu of her claims for dower and year's support, and where the wife, after his death, filed her petition against his executors and grantees to have dower set aside to her in certain lands which he had by deeds conveyed to his children by a former marriage, but in said deeds had reserved to himself a life-estate in the lands, and where in said proceeding it was adjudged that the wife was not entitled to dower in these lands, because the husband did not die seized and possessed thereof, the unsuccessful prosecution of the suit for dower was not such a conclusive election as would prevent the wife from recovering from the executors the money legacy so bequeathed.

2. The wife did not, by bringing the suit to recover dower, forfeit her right to the money legacy bequeathed her by her husband, under the provision in his will that if she or his children contested the probate of his will, or tried to break it, then they were not to receive the amounts therein given to them; the prosecution of the suit for dower not amounting to a contest of the probate of the will, or to an effort to break it.

No. 4188.    MAY 6, 1924.

Equitable petition. Before Judge Russell. Jackson superior court. January 19, 1924.

G. W. D. Harber died testate on February 11, 1920. By his will he disposed of a large personal estate, amounting to more than $100,000. He bequeathed to May Harber, who was his second wife, during her lifetime or widowhood only, the income or interest from $12,000, and at her death or marriage the corpus or principal was to revert to his children, this bequest to be in full of all claims of every kind that she might have against his estate in the way of dower or a child's part. The will contained this provision: "If any of my children or wife shall contest this my last will and testament by objecting to its probate, or try to break the same, that the one or ones so objecting and trying to break the same do not receive the amounts herein given to them." The testator was formerly seized and possessed of a large landed estate of the approximate value of $150,000, which, in February, 1919, he had conveyed by various deeds to his children by his first wife. In each of these deeds there was this provision: "The grantor in this deed is to have the full use and control of the above-described property, and is to use the same as he sees fit for and during his natural life. While the title to said described property is vested in the grantees, the enjoyment of the same is postponed until after the death of the grantor." His widow, being of the belief that all of said con-

veyances were executed as part of a scheme to defeat her right to dower in the lands thereby conveyed, and that said conveyances were merely colorable and were merely intended as a testamentary scheme of dividing the lands thereby described after the death of the testator, who in the meantime was to be the real owner, while the grantees in said deeds were to be the nominal and formal owners thereof, filed her petition against the grantees in said deeds and executors, in which she sought to have dower set apart to her in these lands. To this petition the parties defendant therein filed their answer; and in their answer the executors averred that said conveyances by testator to his children were delivered by testator, became effectual, and were intended to and did pass title in presenti to the lands conveyed, with reservation of a life-estate in testator, by reason of which the widow had no right to dower in said lands. In this petition the widow prayed for an injunction against the defendants; and upon the hearing the trial judge granted an interlocutory injunction. To this judgment the defendants excepted and brought the case to this court, which reversed the judgment of the lower court, and in effect held that the widow was not entitled to dower in these lands. On the hearing of this case on its merits a nonsuit was granted; and no dower was awarded to the widow.

Thereafter the widow filed her petition to recover the legacy bequeathed her by testator, in which she alleged the facts above stated, and further alleged that the executors were in possession of ample funds to pay the legacy, that more than twelve months had elapsed since they qualified as executors, that she had made a demand on them, which they had refused; and she prayed to recover the legacy, or to have the executors to pay over to her the income and interest on the sum so bequeathed to her.

To this petition the executors demurred on the grounds: (1) that no cause of action was set forth; (2) that the plaintiff, with full knowledge of the contents of the will under which she now seeks to obtain a benefit and with full knowledge of all the facts pertaining to her rights thereunder, elected not to take said legacy provided for her in the will, and in law and equity she is now bound by said election; (3) that, as she had tried to break the will, she is not entitled to receive the amount therein given her; (4) that in trying to obtain dower she pursued a remedy inconsistent with the will under which she now claims, and her act in so doing

was repugnant to its provisions, for which reason she has no right in law or equity to recover said legacy. The court sustained this demurrer and dismissed the petition, to which judgment the widow excepted.

*H. H. Perry* and *W. A. Charters,* for plaintiff.

*W. W. Stark, E. C. Stark,* and *A. C. Wheeler,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. Did the unsuccessful and fruitless prosecution of her equitable petition, to have dower assigned to her in the lands which the testator had conveyed to his children, preclude the widow from afterwards recovering the legacy bequeathed her by her husband in his will? This court held that she was not entitled to dower in these lands. *Harber* v. *Harber,* 152 *Ga.* 98 (108 S. E. 520). So she failed to have dower awarded her therein. Undoubtedly "a legatee taking under the will must allow, as far as he can, all the provisions of the will to be executed. Hence, if he has an adverse claim to the will, he will be required to elect whether he will claim under the will or against it." Civil Code (1910), § 3910. It is taking, and not an abortive attempt to take, which requires the legatee to give effect to all the provisions of the will. The doctrine of election is based upon the salutary principle, "that he who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it." *Miller* v. *Cotten,* 5 *Ga.* 341; *McFadden* v. *Dale,* 155 *Ga.* 256 (116 S. E. 596). The mudsill of this principle is, that the testator must bestow by his will a benefit upon another, and the latter must accept the benefit. Until acceptance of the benefit, this doctrine does not come into play against the legatee. Furthermore, a case of election only arises when a person is entitled to one of two benefits to each of which he has the legal title, but to enforce both would be unconscientious and inequitable to others having claims upon the same property or fund. Civil Code (1910), § 4609; *Lamar* v. *McLaren,* 107 *Ga.* 591 (34 S. E. 116). In this case the widow was not entitled to one of two benefits, for the simple reason that her husband had died seized and possessed of no lands of which she was dowable, but had conveyed all of his lands by deed to his children. Undoubtedly, if the testator had died seized and possessed of these lands, so that his widow could have obtained dower therein, then she would have

been compelled necessarily to elect between her right to dower and the legacy given to her in the will of her husband. *Worthen* v. *Pearson,* 33 *Ga.* 385 (81 Am. D. 213). Inasmuch, however, as she was not entitled to dower, because her husband died seized and possessed of no lands, her election to take dower was not conclusive. Her misconception of her rights in this matter and her attempt to secure dower did not constitute an election which would bar her from her election to recover upon an inconsistent right. The fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon such inconsistent right. 20 C. J. 21, § 17. An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election was made. Zimmerman v. Harding, 227 U. S. 489 (33 Sup. Ct. 387, 57 L. ed. 608); Bistline v. United States, 229 Fed. 546 (144 C. C. A. 6); Todd v. Interstate Mortgage Co., 196 Ala. 169 (71 So. 661); Capital City Bank v. Hilson, 64 Fla. 206 (60 So. 189, Ann. Cas. 1914B, 1211). The proper remedy of a party is not waived where in fact or in law only one remedy exists and a mistaken remedy is pursued. American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116 (47 So. 942, 16 Ann. Cas. 1054). The doctrine of election applies only when the party in fact has two or more remedies. If it be determined that there is but one, his adoption of another is not held to be an election. Wells v. Western Union Tel. Co., 144 Iowa, 605 (123 N. W. 371, 138 Am. St. R. 317, 24 L. R. A. (N. S.) 1045); Thomas v. Zahka, 164 N. Y. Supp. 193 (99 Misc. 333). In Henry v. Herrington, 193 N. Y. 218 (86 N. E. 29, 20 L. R. A. (N. S.) 249), the court said: "Any step or action taken by her, which was fruitless because proceeding upon a misconception of the rights which the law gave her, left her unaffected as to any legal remedy which she did possess." In Bunch v. Grave, 111 Ind. 351 (12 N. E. 514), the court well said: "A party who imagines he has two or more remedies, or who misconceives his rights, is not to be deprived of all remedy because he first tries a wrong one." In Kinney v. Kiernan, 49 N. Y. 164, the court said: "The institution by a party

of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses."

The doctrine of election of remedies has no proper application under the facts of this case. The essential element of that rule is that there must have been a right of choice between two remedies which are inconsistent with each other. Bierce v. Hutchins, 205 U. S. 340, 347 (27 Sup. Ct. 524, 51 L. ed. 828) ; Zimmerman v. Harding, supra. The election between remedies exists when a party has several remedies for the same wrong, but pursues inconsistent remedies. Bacon v. Moody, 117 Ga. 207 (43 S. E. 482). This case involves the election of rights; and this principle is based upon the existence of two or more benefits to each of which the party has the legal title. As the widow in this case had no right or title to dower in these lands, the husband not having died seized and possessed thereof so that she could take dower therein, her fruitless effort to have dower assigned to her in lands which he had conveyed to his children was not a conclusive election which would prevent her from prosecuting a suit to recover the legacy given her by the husband in his will. As the executors and other legatees of the testator succeeded in defeating the widow in her effort to have dower awarded to her, it now clearly would be inequitable and unconscionable for them to defeat her right to the legacy given her in her husband's will. The conclusion which we have reached is clearly in accordance with the law upon this subject, and is in strict harmony with the justice and equity of the case.

2. The wife did not, by bringing said suit to recover dower, forfeit her right to this legacy by the provision in the will that if she or the children contested the same by objecting to its probate, or tried to break the same, then they were not to receive the amounts therein given to them. Clearly the prosecution of a suit for dower in the lands conveyed to the children did not amount to a contest of the will by objecting to its probate; and such proceeding was clearly not an effort to break the will. The will would not have been broken if the widow had succeeded in having dower assigned to her in any lands of which he died seized and possessed. The effect of her success would have left the will in full force and effect; and its only effect would have been to deprive her of this legacy.

3.  In view of the above rulings, the court erred in sustaining the demurrer to the petition and in dismissing the same.

*Judgment reversed. All the Justices concur.*