28256. WILLINGHAM *v.* MORRIS PLAN BANK OF GEORGIA.

DECIDED JUNE 29, 1940. REHEARING DENIED JULY 31, 1940.

*Walker & Kilbride, W. A. Wojcik,* for plaintiff in error.
*Houston White,* contra.

FELTON, J. The Morris Plan Bank of Georgia sued H. S. Willingham, alleging that the defendant had fraudulently induced the plaintiff to make a loan to one E. L. Pearce by falsely representing that the defendant, an indorser on Pearce's note, was over 21 years of age; the contention being that the loan would not have been

made without the defendant's indorsement. The petition further alleged that at the November, 1938, term of Cobb superior court the bank had filed a suit on the note against the defendant, being at the time unaware that the defendant was a minor; that Willingham had filed a plea of infancy and that thereupon the plaintiff had satisfied itself that the defendant had been a minor when he signed the note and had done no act to affirm the contract upon reaching majority, and the plaintiff accordingly had permitted the suit to be dismissed for want of prosecution and had paid the costs therein. Among other things, the defendant's defense was that the plaintiff was estopped to maintain the present action because it had brought the previous suit on the contract with notice that the defendant had been a minor at the time of the execution of the note and after the defendant had repudiated the contract, and that the plaintiff had accordingly made an election of an inconsistent remedy. The evidence showed that the defendant, before the suit on the contract was filed, had given the agents of the plaintiff information as to his minority at the time he had indorsed the note, and that he had refused to pay the note, but it appeared that they assumed that the defendant was "stalling," and did not investigate the truth of his statement until he filed his plea in the action which had been brought on the contract.

The law in foreign jurisdictions is conflicting on the question whether a suit on a contract and a suit in tort for deceit for the fraudulent inducement of the contract are inconsistent. It would seem, on principle, that the effect of the rulings in Georgia courts is that they are not consistent. *Dye* v. *Wall,* 6 *Ga.* 584; *Larey* v. *Taliaferro,* 57 *Ga.* 443; *Peel* v. *Bryson,* 72 *Ga.* 331; *Brooke* v. *Cole,* 108 *Ga.* 251. (33 S. E. 849); *Curry* v. *Washington National Life Insurance Co.,* 56 *Ga. App.* 809 (194 S. E. 825). See 120 A. L. R. 1157-8, note 13. *Bacon* v. *Moody,* 117 *Ga.* 207 (43 S. E. 482), is not authority to the contrary because the statement in that decision that the remedies are consistent is obiter. Nothing to the contrary was decided in *Commercial City Bank* v. *Mitchell,* 25 *Ga. App.* 837 (105 S. E. 57), *Orr Shoe Co.* v. *Upshaw,* 13 *Ga. App.* 501 (79 S. E. 362), or *Levy* v. *Kiser Co.,* 31 *Ga. App.* 113 (120 S. E. 34). The last two cases were actions in assumpsit, and the allegations of fraud were permitted on the very material question as to whether the debts were discharged in bankruptcy.

When the Morris Plan Bank had notice of the substantial fact, the claim of infancy by the defendant, when it proceeded to file the suit on the contract without investigating, it acted at its peril, and the choice of the one alternative proceeding operated as final and absolute. *Land* v. *Hall,* 46 *Ga. App.* 404 (167 S. E. 711). The facts in this case show conclusively that the plaintiff did not elect to rely on the contract after its repudiation, but that it ratified and concurred in its disaffirmance by deliberately permitting the suit on the contract to be dismissed after ascertaining that the defendant's plea of minority was true. The plaintiff would have been entitled to enforce the contract if the minor, of the age of discretion, had fraudulently procured its execution and acceptance, if the plaintiff had not estopped itself by failure to exercise diligence, because the minor would have been estopped to disaffirm the contract. It appears from the record in this case that the defendant signed a written statement to the bank, before the loan was made, in which he represented that he was thirty years of age, and that he was employed by the State Revenue Commission of Georgia in the auditing department at the State Capitol at a fixed salary of $150 per month. This statement was calculated to, and no doubt did, lead the bank to believe that the defendant was competent to make a valid and binding contract, and in fact the uncontroverted evidence showed that the bank relied on the representations in this statement in making the loan.

Whatever the status of the law on this subject in other jurisdictions, it is settled in this State that a minor is estopped to plead his infancy if the contract was procured by his fraud. In *Hood* v. *Duren,* 33 *Ga. App.* 203 (125 S. E. 787), Judge Jenkins discussed the conflict in the authorities on the question and specifically demonstrated that the apparent holding to the contrary in *McKamy* v. *Cooper,* 81 *Ga.* 679 (8 S. E. 312), is not authority for a contrary conclusion. While in the *Duren* case the minor received and retained benefits, there is no logical distinction between a case where the minor did and one where he did not receive benefits. It is the causing of another to act to his injury that is the fundamental basis of estoppel, and not the receipt of benefits. In *Harris* v. *Collins,* 75 *Ga.* 97 (2), 106, it was held that "the law places persons non sui juris under disabilities for the purpose of protecting their rights, but not to enable them to invade or assail the rights of

others," and the maxim that the infant's privilege is given as a shield and not as a sword was approved. Since the plaintiff in this case could have proceeded to judgment on the contract, this remedy was not a mistaken remedy, and the rule in such cases does not apply. The appellate division of the civil court of Fulton County erred in affirming the judgment of the trial judge in favor of the plaintiff, and denying a new trial.

*Judgment reversed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. The majority opinion is predicated squarely upon an application of the harsh doctrine of the election of remedies to the situation arising in the present case, and therefore the court holds that the plaintiff is barred from pursuing the present action in tort (which is based on the alleged fraud and deceit of the defendant as an indorser, in misrepresenting his age to the plaintiff as a lender, thereby inducing the plaintiff to make the loan to the borrower and to part with its money), because of the institution by the plaintiff of a former suit against the defendant to enforce the contract, which former suit was abandoned by the plaintiff on the filing by the defendant of a plea of infancy. Before there can be an election of remedies, as I understand the law, there must be two or more inconsistent remedies available to the suitor, the election to pursue one of which will bar the suitor from pursuing the other. The doctrine of preclusion by the adoption of an inconsistent remedy assumes the existence of a legal right to proceed in either way, and the choice of one of such modes of redress by a suitor. One may erroneously pursue a remedy which is not open to him at all. The doctrine of election of remedies has no application where a party has in fact only one available remedy, although he may believe he has another, which he pursues without avail. A party does not have two remedies between which he must elect, where there is a valid defense to one of them; as where the defendant is a minor and may interpose to one of the actions a plea of infancy. See 20 C. J. 6, 24.

But it is urged that the plaintiff had been informed, before the institution of the suit to enforce the contract, that the defendant was a minor at the time the contract was made, and therefore the plaintiff elected to pursue the remedy to enforce the contract against the defendant with knowledge of the facts and of its rights in the premises. However, "'the rule that 'the definite adoption of one

of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy,' does not apply if in reality he had only one remedy." Clarke v. Heath, 101 Me. 530 (64 Atl. 913, 8 L. R. A. (N. S.) 134), and cit. The court there held that the institution by the plaintiff of a trover action to recover certain personalty was not a bar to a subsequent action in assumpsit by the plaintiff against the same defendant, to recover the price of the personalty. If the suitor has no such remedy as he invokes, his action in pursuing it does not constitute an election. The test for the application of this rule is whether the plaintiff had the two or more forms of remedies. If he did not, there could be no election. A party can not choose a remedy which he does not have. It is well established that the choice of a fancied remedy and the futile pursuit of it, because either the facts turn out to be different from what the party supposed them to be or the law applicable to the facts is found to be other than as supposed, and although the first action proceeds to judgment and the plaintiff is defeated because he is not entitled to maintain the action, does not preclude the plaintiff from thereafter invoking the proper remedy. See 20 C. J. 21, 24; 18 Am. Jur. 146; Zimmerman v. Harding, 227 U. S. 489 (33 Sup. Ct. 387, 57 L. ed. 608); Ash Sheep Co. v. U. S., 252 U. S. 159 (40 Sup. Ct. 241, 64 L. ed. 507); Bierce v. Hutchins, 205 U. S. 340 (27 Sup. Ct. 524, 51 L. ed. 828); Harber v. Harber, 158 Ga. 274 (123 S. E. 114, 33 A. L. R. 598), and cit.

The plaintiff brought suit in Cobb superior court against the defendant to enforce against the defendant his contract of indorsement by which the plaintiff was induced to make a loan of money to the borrower. To this suit the defendant filed a plea of infancy. The plaintiff failed to pursue this action, and it was dismissed for want of prosecution. It would be contrary to the spirit of the law that an infant should be bound in so far as he is merely an indorser or surety or guarantor for another. James v. Sasser, 3 Ga. App. 568 (60 S. E. 329). It is stated in 27 Am. Jur. 798: "One sued upon a contract is not estopped to plead infancy because he induced the contract by his fraudulent representations that he was of age." See Myers v. Hurley Motor Co., 273 U. S. 18 (47 Sup. Ct. 277, 71 L. ed. 515, 50 A. L. R. 1181); Sims v. Everhardt, 102 U. S. 300 (26 L. ed. 87). The fact that at the

time of entering into a voidable transaction the infant falsely represented to the person with whom he dealt that he was of age does not give any validity to the transaction, or estop the infant from disaffirming the same or setting up the defense of infancy against the enforcement of any rights thereunder. 31 C. J. 1006. The general rule is as stated in Grauman &c. Co. *v.* Krienitz, 142 Wis. 556 (126 N. W. 50) : "A minor may by his own fraud estop himself from avoiding a contract on the ground of infancy; but . . he can not do so unless he had actual, though not legal, discretion, and was guilty of actual fraud, as by express representation of capacity to contract, inducing the other party to enter into the agreement, nor unless the contract was beneficial to the minor." As stated in that case, the estoppel of a minor to plead infancy is "confined to cases of actual fraud and where the contract or transaction *is beneficial to the minor.*" The court held that an infant by becoming a mere surety or accommodation maker of a promissory note is not benefited by his contract, and may avoid it notwithstanding the actual fraud in misrepresenting his age. In *McKamy* v. *Cooper,* 81 *Ga.* 679 (8 S. E. 312) the Supreme Court held that where an infant purchased certain personal property and gave several notes therefor, although he may have perpetrated a fraud in alleging that he was twenty-one years of age, this would not authorize the other party *to recover on the contract.*

Therefore the remedy which the plaintiff undertook to pursue by the suit to enforce the contract in Cobb superior court was not an available remedy. It was a wrong remedy. When the defendant filed a plea of infancy, the contract of indorsement made with the plaintiff was avoided. *Strain* v. *Wright,* 7 *Ga.* 568; *James* v. *Sasser,* supra. The plaintiff was not entitled to prevail in the suit in Cobb superior court, upon the interposition by the defendant of a plea of infancy. For the plaintiff then to have pursued the remedy to enforce the contract to a final conclusion would have been futile. In *Hood* v. *Duren,* 33 *Ga. App.* 203 (125 S. E. 787), it appeared that the infant had received, enjoyed, and consumed the irrestorable benefits of the contract. The defendant infant in the present case received no benefits from the contract, which under the case of *Hood* v. *Duren,* supra, might have been recovered from him.

However, an action for the loss of the money obtained by the

borrower as a direct result of the false representation by the infant indorser that he was thirty years of age is an action purely in tort, and is not one to enforce the contract; and where the infant has arrived at the age of discretion, under the law infancy is no defense to such an action, although the infant himself may not have received any benefit from the contract. The gist of the action is that it was the infant's misrepresentation which caused the plaintiff to suffer a loss. 27 Am. Jur. 819. *Hood* v. *Duren,* supra; Code, § 105-1806. An infant is liable in tort for his fraud or his false representations, unconnected with his contract. *Burns* v. *Hill,* 19 *Ga.* 22. Infancy is no defense to an action for a tort, provided the defendant has arrived at those years of discretion and accountability for a criminal offense as declared by the Code, § 105-1806. The plaintiff did not have two inconsistent remedies open to it, upon the repudiation by the defendant of his contract, for the reason that the remedy by suit to enforce the contract was not an available one upon the interposition by the infant of a valid plea of infancy. The plaintiff had the one remedy, and that was to sue the defendant and recover the damages sustained as a direct result of the fraud perpetrated by the defendant. Therefore the plaintiff was not precluded, upon a dismissal of the suit to enforce the contract, from thereafter instituting an action ex delicto for the loss of money obtained from it as a direct result of the false representation by the infant as to his age. I can not concur in the majority opinion.