### COHEN *et al. v.* REISMAN.

JENKINS, Chief Justice. 1. "While it has often been said that the declaratory-judgment statute should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." *Mayor & Council of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d, 567). The necessary meaning of the foregoing ruling is that, if such a state of facts, as last described therein, does exist, the complaining party would, of course, be entitled to a declaratory judgment regardless of whether or not he may have another remedy.

The liberality of construction as to whether resort to a declaratory judgment is available is determined by reference to whether any existing provision of law or equity will provide as complete protection as would a declaratory judgment with respect to some future action or conduct, as to the propriety of which a rationable doubt exists. Code (Ann. Supp.), § 110-1111.

2. "A condition in terrorem [of a will] shall be void, unless there is a limitation over to some other person; in which event the latter shall take. Conditions which are impossible, illegal, or against public policy shall be void." Code, § 113-820.

3. In the instant case, the plaintiff, as a beneficiary under a will seeks a judgment in order to determine whether under the in terrorem provision of the will—which provides for a forfeiture of any interest thereunder, "in the event that any of the beneficiaries under this will shall seek to involve my estate in litigation"—she would, as claimed by the executor, forfeit her interest should she bring an action seeking to show that the executor has wrongfully withheld from her assets of the estate going to her under the will, and that he as executor had perpetrated a fraud upon the ordinary in procuring his discharge. Here is an unquestionably justiciable controversy, where there is uncertainty and insecurity with respect to rights of the litigant as to whether she would forfeit her rights under the will by bringing an action of the character indicated. It follows from what has been said that the instant case comes clearly within the purview of the declaratory-judgment act, and the trial court properly overruled the general demurrer attacking the petition on this ground.

4. The other question presented by the record, after determining that the petition presents a good cause for a declaratory judgment, is whether or not the petitioner would in fact forfeit her interest under the will should she bring a proceeding of the character indicated. Here the condition in terrorem imposes a forfeiture with a limitation over, "In the event any of the beneficiaries under this will shall seek to involve my estate in litigation or shall attempt to contest or break this will." This court has not heretofore been called upon to rule directly upon the validity, as involving public policy of either phase of the provision, that is, either as to the condition against a contest of a will or of a condition against involving an estate in litigation, although recognition of such a provision seems to be assumed in *Harber* v. *Harber,* 158 *Ga.* 274 (2) (123 S. E. 114, 33 A. L. R. 598). The general rule in other jurisdictions with respect to a condition against contesting a will is stated in 39 C. J. 664, § 1765, as follows: "A condition in a will that a gift shall be forfeited in case the beneficiary shall dispute or contest the will is generally regarded as valid and not against public policy, particularly when there is a limitation over." Some courts have sought to draw exceptions so as to forbid a forfeiture against one thus acting with probable cause and in good faith. See, in this connection, 58 A. L. R. 1548, 1554; 42 A. L. R. 847, Annotation; and cases there cited. However, it is unnecessary here to determine whether, under the circumstances of this case, the condition in terrorem prohibiting a contest of the will would or would not be given effect, for the reason that the plaintiff beneficiary in this case does not at all contest or seek to break the will or to set aside any of its provisions; but on the contrary she affirms the will and seeks to establish her right without penalty to bring suit in order to enforce a disposition of the estate in accordance with its terms. To bring such a suit, however, would obviously involve the testator's estate "in litigation." The question, therefore, is whether or not this condition, prohibiting any beneficiary from attempting to involve the estate in litigation under penalty of forfeiture, is void as being contrary to public policy, where the purpose of such litigation is to enforce the will and to compel the executor to carry out its terms. In this connection, it seems manifest

that such a provision, if applied to prevent such an action as here contemplated, would be contrary to public policy and for that reason invalid. After a will has been admitted to probate, certain duties and obligations are thereupon imposed by law on the named executor. He has no arbitrary powers to avoid the provisions of a will which he is appointed to execute, and the provision here being considered cannot be construed to confer any such unbridled authority. The executor, therefore, remains amenable to law in all his acts and doings as such, and a beneficiary under the will, in seeking to compel the performance by him of his duty, will not be penalized for so doing. Of course, nothing herein ruled relates to the question as to whether the proposed action would be good or bad in law or equity.

5. Under the foregoing rulings, the trial court properly entered judgment declaring that the plaintiff beneficiary could maintain an action in the proper tribunal to bring the executor to account on the grounds set out in the petition, and also correctly ruled that the beneficiary did not forfeit her legacy under the will by reason of having instituted the present action for a declaratory judgment.

*Judgment affirmed. All the Justices concur.*

No. 16188. MAY 14, 1948.

*Samuel L. Eplan,* for plaintiffs in error.

*Lokey & Bowden, Edwin L. Sterne,* and *Paul Ginsberg,* contra.