## S08A1172. SINCLAIR v. SINCLAIR.
### (670 SE2d 59)

CARLEY, Justice.

Mary H. Sinclair (Testatrix) executed a will designating as beneficiaries Appellant Ben H. Sinclair and Appellees Upton M. Sinclair and Joanne Sinclair. The will also appointed Upton M. Sinclair as her executor (Executor) and contained the following in terrorem clause:

> In the event any legatee, devisee or beneficiary taking under this Will contests the validity thereof, or any provision thereof, or institutes any proceedings to contest the validity of this Will, or any provision thereof, from being carried out in accordance with its terms, whether or not in good faith and with probable cause, then all the benefits provided to such legatee, devisee or beneficiary in this Will are revoked and annulled and the benefits which such legatee, devisee or beneficiary would have received if he or she had made no such contest, or brought no such proceedings, shall go to the other beneficiaries of this Will. In the event all the beneficiaries named in this Will shall join in such a contest or proceedings, then such benefits shall go to the persons who are nearest related to me by blood. Each and every benefit conferred by this Will is made on the condition precedent that the beneficiaries hereof acquiesce in all the provisions of this Will and not make any such contest and the provisions of this item are an essential ingredient of every benefit conferred by this Will.

After Testatrix died, the will was admitted to probate in solemn form without objection by Appellant or any other heir. Appellant then filed a complaint for declaratory judgment, seeking to determine whether he would violate the in terrorem clause by bringing an appropriate action in good faith against Executor for his removal on the grounds of hostility, incompetence, self-dealing, flagrant abuses of fiduciary responsibilities and other wrongs, and for an accounting and other relief for breaches of trust, collusion, and negligence in the performance of his duties under the will. Appellant subsequently filed a motion for summary judgment. The trial court entered a final order finding that in terrorem clauses in general, and the one in Testatrix's will in particular, are valid and enforceable, and are not contrary to public policy. The trial court further "decline[d] [Appellant's] Petition for Declaratory Judgment as the same seeks an 'advisory opinion' contrary to Georgia law[,]" denied the motion for summary judgment, deemed "the remaining issues in [the] Complaint" to be

"moot," and ordered "that all other matters in this action be dismissed with prejudice." Appellant appeals from this judgment of the trial court.

1. Any person interested as a legatee, heir, or beneficiary "may have a declaration of rights or legal relations . . . and a declaratory judgment . . . [t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." OCGA § 9-4-4 (a) (3). "This statute is to be liberally construed and administered so as to 'afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. . . .' OCGA § 9-4-1." *Kesler v. Watts*, 218 Ga. App. 104, 106 (2) (460 SE2d 822) (1995).

As a beneficiary of Testatrix's will, Appellant seeks a judgment in order to determine whether, under the condition in terrorem, he would forfeit his interest if he brings an action for an accounting and removal of the executor. If that action constitutes a proceeding to contest the will or any provision thereof, Appellant "will forfeit [his] right to receive any property under the will. On the other hand," if the proposed action does not constitute such a proceeding, Appellant can bring the action "without risk of forfeiting [his] interest in [Testatrix's] estate under the in terrorem clause." *Kesler v. Watts*, supra.

> Here is an unquestionably justiciable controversy, where there is uncertainty and insecurity with respect to the rights of the litigant as to whether [he] would forfeit [his] rights under the will by bringing an action of the character indicated. It follows from what has been said that the instant case clearly comes within the purview of the declaratory-judgment act . . . .

*Cohen v. Reisman*, 203 Ga. 684, 685 (3) (48 SE2d 113) (1948). See also *Kesler v. Watts*, supra. Therefore, the trial court erred to the extent that it held that the complaint for declaratory judgment seeks an advisory opinion and must be dismissed.

2. "A condition in terrorem shall be void unless there is a direction in the will as to the disposition of the property if the condition in terrorem is violated, in which event the direction in the will shall be carried out." OCGA § 53-4-68 (b). The trial court correctly held that the in terrorem clause in Testatrix's will "specifically devises the forfeited share pursuant to the holdings of *Cox v. Fowler*, 279 Ga. 501 [(614 SE2d 59)] (2005) and *Lanier v. Lanier*, 218 Ga. 137[, 145 (5) (126 SE2d 776)] (1962)." However, the trial court failed to construe the clause further or to consider Appellant's contention that it violates the public policy of this state. "Because in

terrorem clauses result in forfeitures, they must be strictly construed. [Cits.]" *Preuss v. Stokes-Preuss*, 275 Ga. 437, 438 (569 SE2d 857) (2002). Moreover, conditions in terrorem "that are impossible, illegal, or against public policy shall be void." OCGA § 53-4-68 (a).

The in terrorem clause provides for the forfeiture of benefits by a beneficiary who contests the validity of Testatrix's will or any provision thereof, or institutes any proceeding to contest the validity of the will or any provision thereof. This clause, like other "condition[s] in terrorem[,] applies only to an actual will contest." 1 Mary F. Radford, *Redfearn Wills and Administration in Ga.*, § 8-7, p. 239 (6th ed. 2000).

> [T]he plaintiff beneficiary in this case does not at all contest or seek to break the will or to set aside any of its provisions; but on the contrary [he] affirms the will and seeks to establish [his] right without penalty to bring suit in order to enforce a disposition of the estate in accordance with its terms.

*Cohen v. Reisman*, supra at 685 (4). Strictly construing the in terrorem clause, an action for accounting and removal of Executor clearly would "not amount to a contest of the will by objecting to its probate; and such proceeding was clearly not an effort to break the will." *Harber v. Harber*, 158 Ga. 274, 278 (2) (123 SE 114) (1924) (involving prosecution of a suit for dower). See also *Fuller v. Fuller*, 217 Ga. 316 (1) (122 SE2d 234) (1961) (whether a beneficiary's ejectment action forfeited all benefits under an in terrorem clause depended on whether the land was specifically devised by the will to another). Testatrix's will would not be broken if Appellant succeeds in obtaining an accounting and removal of Executor. "The effect of [his] success would [leave] the will in full force and effect . . . ." *Harber v. Harber*, supra.

Moreover, it would violate public policy to construe the condition in terrorem so as to require the forfeiture of a beneficiary's interest for bringing an action for accounting and removal of the executor.

> The question . . . is whether or not this condition . . . is void as being contrary to public policy, where the purpose of such litigation is to enforce the will and to compel the executor [or his successor] to carry out its terms. In this connection, it seems manifest that such a provision, if applied to prevent such an action as here contemplated, would be contrary to public policy and for that reason invalid. After a will has been admitted to probate, certain duties and obligations are thereupon imposed by law on the named executor. He has

> no arbitrary powers to avoid the provisions of a will which he is appointed to execute, and the provision here being considered cannot be construed to confer any such unbridled authority. The executor, therefore, remains amenable to law in all his acts and doings as such, and a beneficiary under the will, in seeking to compel the performance . . . of his duty, will not be penalized for so doing.

*Cohen v. Reisman*, supra at 685-686 (4). See also *Cannon v. Bangs*, 269 Ga. 671, 672 (502 SE2d 224) (1998) ("while a testator may by will dispense with any necessity for the executor to make inventory or returns provided that there is no injury to creditors or third persons, such a will provision does not render the executor unaccountable in court in a proceeding by a party with the right to seek an accounting and settlement"); *Snook v. Sessoms*, 256 Ga. 482 (350 SE2d 237) (1986). In other words, a condition in terrorem cannot make an executor unanswerable for any violations of the will or of the laws governing personal representatives in Georgia. "A beneficiary assuredly is empowered to enforce the provisions of a [will], no matter the terms of any *in terrorem* clause." *Snook v. Sessoms*, supra (applying *Cohen* to a trust).

"Of course, nothing herein ruled relates to the question as to whether the proposed action would be good or bad in law or equity." *Cohen v. Reisman*, supra at 686 (4). It is not material to this suit that, in the proposed action, Appellant could conceivably choose to risk a forfeiture of his interest under the will by requesting relief beyond that which is outlined in his complaint for declaratory judgment. It is also immaterial whether Executor has completed all disbursements. Executor has never asserted that he obtained an order discharging him from office and liability. See OCGA § 53-7-50. Moreover, even if such an order had been entered, Appellant or any other beneficiary would nevertheless be entitled to an accounting so long as that order is first "set aside on motion and proof of fraud." OCGA § 53-7-53. See also *Wessel-Duval & Co. v. Ramsey*, 170 Ga. 675, 679 (5) (153 SE 744) (1930).

Executor argues that summary judgment is unauthorized because, although Appellant addressed the affirmative defenses raised in the answer, he made only conclusory statements as to the claim that the in terrorem clause does not preclude his proposed action, and failed to support that claim with any affidavits, any case law, or even a certified copy of Testatrix's will. To the contrary, Appellant verified his complaint, cited relevant case law in his brief in support of the motion for summary judgment, and separately filed his own affidavit, to which was attached a certified copy of the petition to probate the will in solemn form, including the will itself and the

order admitting it to probate. Furthermore, Executor has failed to present any evidence creating a genuine issue of material fact in this regard. Additional evidence is unnecessary in light of the nature of a claim for the construction of a provision of a will or for the determination that it violates public policy. The rules governing these issues, like the " " 'rules of contract construction and interpretation[,] are separate from those rules allocating burdens of proof at trial and on motion for summary judgment," and thus are to be independently applied.' [Cit.]" *McGuire Holdings v. TSQ Partners*, 290 Ga. App. 595 (660 SE2d 397) (2008). We applied the relevant rules of construction and public policy considerations earlier in this division of our opinion. Under that analysis, the trial court should have granted summary judgment in favor of Appellant because the in terrorem clause in Testatrix's will does not and cannot require forfeiture of his interest if he files the proposed action for accounting and removal of Executor.

We further note that "[t]he filing of a declaratory action by [Appellant] was not an attack upon the will. There [was] no . . . filing of a caveat by [Appellant]. The search for the true meaning of a will is not an attack upon it." *Hicks v. Rushin*, 228 Ga. 320, 324 (2) (185 SE2d 390) (1971). Thus, Appellant "did not forfeit [his] legacy under the will by reason of having instituted the present action for a declaratory judgment." *Cohen v. Reisman*, supra at 686 (5).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*Clarence L. Leathers, Jr.*, for appellant.
*Lovett, Cowart & Ayerbe, L. Robert Lovett, Matthew M. Myers*, for appellees.
Joanne Sinclair, *pro se*.