S11A0024. NORMAN v. GOBER et al.

(707 SE2d 98)

MELTON, Justice.

Following the probate court's dismissal of his caveat to his grandmother's will for lack of standing, William Howard Norman appeals. For the reasons set forth below, we affirm.

The record shows that Margaret Susan Scheer ("Decedent") died on February 12, 2010, leaving behind a Last Will & Testament dated April 23, 2006 and a First Codicil dated June 10, 2009 (collectively the "Will"). Merrilee Aynes Gober, a daughter of Decedent, and Deborah Ann Goot, a close friend of Decedent, were named Co-Executors under the Will, and, on February 22, 2010, they filed petitions to probate the Will in solemn form and in common form. On February 23, 2010, the probate court granted the petition to probate the Will in common form, and, on May 7, 2010, Dana Joel Norman, the husband of one of Decedent's daughters, Lyncia Aynes Norman, filed a caveat on behalf of his minor son, William Howard Norman ("Caveator").

Caveator's mother is named as a beneficiary under the Will with a present interest created by a specific bequest of money. The Will, which contains an in terrorem clause, further provides that the residue of Decedent's Estate is to be placed in trust for the benefit of another one of Decedent's daughters, Stacy Meredith Scheer Branning, during her lifetime. Upon Branning's death, any amounts remaining in the residuary trust are to be distributed equally to Decedent's other living children, including Caveator's mother. Caveator's mother also has the power to appoint her interest, if any remains at Branning's death, to the beneficiary of her choice in a will of her own. Decedent's Will also provides that, if any of Decedent's children are deceased when Branning dies, then his or her descendants (potentially including the Caveator) are to receive his or her parent's share, unless that parent has exercised a power of appointment through his or her will. Accordingly, the Caveator is a contingent residuary beneficiary under Decedent's Will. At present, because Caveator's mother is an heir-at-law and alive, it is undisputed that Caveator is not an heir-at-law. See OCGA § 53-2-1 (c) (3).

In his caveat, Caveator alleged that Decedent lacked testamentary capacity and that the Will was the product of undue influence. In addition, Caveator objected to the appointment of Gober as a co-executor, alleging that she was unfit to serve in a fiduciary

capacity.[1] On May 13, 2010, the Co-Executors timely filed a motion to dismiss the caveat, arguing that Caveator lacked standing. Caveator did not file a response, and, on June 24, 2010, the probate court dismissed the caveat due to Caveator's lack of standing. On the same day, the probate court also granted the Co-Executors' petition to probate the Will in solemn form. This appeal followed.

As set forth in *Lavender v. Wilkins*, 237 Ga. 510, 512 (1) (228 SE2d 888) (1976):

> The question of who has standing to caveat a will has been determined on a case by case basis, the general statement of the rule being that a will may be contested by any person interested in the estate of the deceased, but cannot be contested by strangers. [Cits.] . . . **[A] person who will be injured by probate of a will, or who will benefit by its not being probated, has an interest in the proceeding** so as to provide the necessary standing to caveat.

(Emphasis supplied.)

In this case, Caveator will be *benefited* by the probate of Decedent's Will, not harmed. In fact, probate of the Will is the only way that Caveator, who is not an heir-at-law, has any chance to take part of Decedent's Estate. Caveator's complaint would actually harm Caveator. As pointed out by the Co-Executors, it would appear that Caveator's action was actually undertaken to benefit his mother, not Caveator. If Caveator's action were successful, Caveator's mother, an heir-at-law, would benefit from the non-probate of the Will through intestacy, while Caveator's contingent interest would be concomitantly destroyed. If Caveator's action were unsuccessful, the testamentary share of Caveator's mother would remain intact, while Caveator's contingent interest would be invalidated by Decedent's in terrorem clause. Either way, Caveator loses. In short, it would appear that, under the facts of this case, the party actually interested in the caveat of Decedent's Will is Caveator's mother, not Caveator. Therefore, while Caveator's mother might have standing to caveat Decedent's Will, if she so chose, Caveator, himself, does not. The probate court did not err.[2]

*Judgment affirmed. All the Justices concur.*

---

[1] Caveator raises no argument on appeal regarding the appointment of Goot. Therefore, we will not consider this issue.

[2] For the first time on appeal, Caveator has asked this Court to consider what he claims to be a prior will of Decedent. Caveator never presented this document to the probate court, however, and it was not part of the record considered below. This Court will not consider such evidence on appeal.

DECIDED MARCH 7, 2011.

*Hatcher, Stubbs, Land, Hollis & Rothschild, John M. Sheftall,* for appellant.

*Caldwell & Watson, Wade H. Watson III, Floyd E. Propst III, Laura K. Bonander,* for appellees.