S12A1728. NORMAN et al. v. GOBER et al.
(737 SE2d 309)

MELTON, Justice.

This is the second appearance of this case before this Court. In *Norman v. Gober*, 288 Ga. 754 (707 SE2d 98) (2011), we considered whether 11-year-old William Howard Norman had standing to challenge the will of his maternal grandmother, Margaret Susan Scheer, because he was not an heir-at-law when his caveat was filed. There, we set forth the underlying facts of this case as follows:

The record shows that Margaret Susan Scheer ("Decedent") died on February 12, 2010, leaving behind a Last Will &

---

Testament dated April 23, 2006 and a First Codicil dated June 10, 2009 (collectively the "Will"). Merrilee Aynes Gober, a daughter of Decedent, and Deborah Ann Goot, a close friend of Decedent, were named Co-Executors under the Will, and, on February 22, 2010, they filed petitions to probate the Will in solemn form and in common form. On February 23, 2010, the probate court granted the petition to probate the Will in common form, and, on May 7, 2010, Dana Joel Norman, the husband of one of Decedent's daughters, Lyncia Aynes Norman, filed a caveat on behalf of his minor son, William Howard Norman ("Caveator"). Caveator's mother is named as a beneficiary under the Will with a present interest created by a specific bequest of money. The Will, which contains an in terrorem clause, further provides that the residue of Decedent's Estate is to be placed in trust for the benefit of another one of Decedent's daughters, Stacy Meredith Scheer Branning, during her lifetime. Upon Branning's death, any amounts remaining in the residuary trust are to be distributed equally to Decedent's other living children, including Caveator's mother. Caveator's mother also has the power to appoint her interest, if any remains at Branning's death, to the beneficiary of her choice in a will of her own. Decedent's Will also provides that, if any of Decedent's children are deceased when Branning dies, then his or her descendants (potentially including the Caveator) are to receive his or her parent's share, unless that parent has exercised a power of appointment through his or her will. Accordingly, the Caveator is a contingent residuary beneficiary under Decedent's Will. At present, because Caveator's mother is an heir-at-law and alive, it is undisputed that Caveator is not an heir-at-law. See OCGA § 53-2-1 (c) (3)....
On May 13, 2010, the Co-Executors timely filed a motion to dismiss the caveat, arguing that Caveator lacked standing. Caveator did not file a response, and, on June 24, 2010, the probate court dismissed the caveat due to Caveator's lack of standing. On the same day, the probate court also granted the Co-Executors' petition to probate the Will in solemn form.

Id. at 754-755.
Based on these facts, we found that Caveator lacked standing to challenge the Will because he was not "a person who will be injured by probate of [the] [W]ill, or who will benefit by its not being

probated." See id. at 755, citing *Lavender v. Wilkins*, 237 Ga. 510, 512 (1) (228 SE2d 888) (1976). We further explained:

> In this case, Caveator will be benefited by the probate of Decedent's Will, not harmed. In fact, probate of the Will is the only way that Caveator, who is not an heir-at-law, has any chance to take part of Decedent's Estate. Caveator's complaint would actually harm Caveator. . . . In short, it would appear that, under the facts of this case, the party actually interested in the caveat of Decedent's Will is Caveator's mother, not Caveator. Therefore, while Caveator's mother might have standing to caveat Decedent's Will, if she so chose, Caveator, himself, does not.

(Emphasis omitted.) Id. at 755.

On September 27, 2011, after our prior opinion was issued, the Co-Executors filed a Petition for Declaratory Judgment and served discovery requests on Lyncia and other beneficiaries to ascertain the facts surrounding the caveat. Specifically, the Co-Executors wished to determine who was ultimately responsible for the will contest by obtaining and reviewing communications between individuals before the caveat was filed; information related to any agreements possibly made about the Estate; and information regarding the payment of attorney fees for the pursuit of the caveat. If a party other than Caveator is actually responsible for the caveat, the Co-Executors also wish to determine whether that party may be prevented from taking any property under Decedent's will as a result of the in terrorem clause.[1] On November 30, 2011, Lyncia, later joined by Lisa Aynes McDuffie and Drew McDuffie (sometimes collectively referred to as Appellants), filed a motion to dismiss the Co-Executors' petition for failure to state a claim, arguing there was no uncertainty of law and therefore no justification to request a declaratory judgment. Specifically, Appellants contended that (1) the prior caveat filed by Caveator, which was dismissed for lack of standing, was not an actual will contest, and, therefore, the in terrorem clause could not have been violated by anyone, even by attribution and (2) the rights of the parties had already accrued and no uncertainty remained requiring

---

[1] The in terrorem clause provides:
Should any beneficiary contest or initiate legal proceedings to contest the validity of this Will or any provision herein or to prevent any provision from being carried out in accordance with its terms (whether or not in good faith and with probable cause), then all the benefits provided for such contesting beneficiary, and any such beneficiary's descendants, in this Will are revoked and annulled.

direction from the court. On March 13, 2012, the probate court denied the motion to dismiss and later denied Appellants' motion for reconsideration. The trial court certified its order for immediate review, see OCGA § 5-6-34 (b), and, on May 10, 2012, this Court granted Appellants' application for interlocutory appeal. For the reasons set forth below, we affirm.

1. Appellants first contend the prior caveat filed by Caveator, which was dismissed for lack of standing, was not "an actual will contest" under *Sinclair v. Sinclair*, 284 Ga. 500 (670 SE2d 59) (2008), and, therefore, the in terrorem clause could not have been violated by anyone, even by attribution. Id. at 502. As a result, they contend that the Co-Executors' declaratory judgment action is a meaningless waste of judicial resources. Appellants' reliance on *Sinclair* is misplaced, however. In that case, this Court held that a petition for accounting and for the removal of an executor does not constitute a will contest, because it first *affirms* the validity of the will. Id. There, the plaintiff affirmed the will and did not challenge any specific provision of it, unlike the caveat at issue in the present case, which sought to destroy the Will altogether. Moreover, Decedent's in terrorem clause becomes operative "[s]hould any beneficiary contest *or initiate legal proceedings* to contest the validity of this Will . . . ." (Emphasis supplied.) Caveator initiated proceedings to contest the Will even though, as we noted in the first case, he lacked standing. This initiation of legal proceedings triggered the in terrorem clause and might, under circumstances which may be uncovered, be attributed to a party other than Caveator.

2. Appellants next argue that the probate court erred in denying their motion to dismiss because the rights of the parties had already accrued and no uncertainty remained requiring direction from the court. An executor of an estate may file a petition for declaratory judgment to "determine any question arising in the administration of the estate . . . , including questions of construction of wills and other writings." OCGA § 9-4-4 (a) (3). However, executors may not seek direction "on imaginary difficulties or from excessive caution," OCGA § 23-2-92, or where the rights of the parties have already accrued and no uncertainty remains. See, e.g., *Hammond v. Sanders*, 210 Ga. App. 307 (436 SE2d 45) (1993). Appellants contend that the mere possibility that someone other than Caveator was behind the previous caveat is too speculative to warrant discovery into family finances and communications.

However, under the facts of this case, not only is it possible, it is highly probable that someone other than Caveator was responsible for the caveat. Caveator was only 11 years old when the contest was filed, and he could not have benefitted from it. As we specifically noted

in our previous case regarding this matter, "it would appear that, . . . the party actually interested in the caveat of Decedent's Will is Caveator's mother, not Caveator." *Norman*, supra, 288 Ga. at 755. Here, it appears possible that one or more of the beneficiaries of the Will sought to destroy it, and the Co-Executors are attempting to determine whether the caveat can and should be attributed to other beneficiaries before distributing the assets from the estate. In doing so, the Co-Executors rightly sought clarification from the probate court as to whether the in terrorem clause can be applied to unnamed parties.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013 —
RECONSIDERATION DENIED FEBRUARY 4, 2013.

*Bodker, Ramsey, Andrews, Winograd & Wildstein, Stephen C. Andrews, John H. Killeen, Hatcher, Stubbs, Land, Hollis & Roths-child, John M. Shefthall,* for appellants.
*Caldwell & Watson, Wade H. Watson, Floyd E. Propst, Laura K. Bonander, Cozen O'Connor, Karen D. Fultz, Hunter, Maclean, Exley & Dunn, Kirby G. Mason, Dana C. Ashford,* for appellees.