26814. HICKS et al. v. RUSHIN.

ARGUED OCTOBER 12, 1971—DECIDED NOVEMBER 5, 1971.

*Hicks, Eubanks & Scroggins, John H. Hicks,* for appellants.

*Joe W. Rowland,* for appellee.

FELTON, Justice. ■ The court did not err in ruling that the codicil concerning the testatrix's home and the proceeds therefrom republished the original will changing item 5 of the original typewritten will as shown in the said original will plus the change plus the codicil in the facts stated above. *Code Ann.* § 113-409; *Burge v. Hamilton,* 72 Ga. 568 (3).

Where alterations in a will occur, the law presumes, in the absence of evidence to the contrary, that the alterations were made after the execution of the will. 68 CJ 986; Schouler on Wills, Executors and Administrators (5th Ed.), § 435. As to the presumption as to alterations in deeds, see *Collins v. Boring,* 96 Ga. 360 (3) (23 SE 401); *Gilmer v. Harrison,* 146 Ga. 721 (92 SE 67). In this case there is no evidence to indicate that the alteration was made at or before the will was executed.

There is what seems to us a conclusive indication that the original alteration of item 5 of the will, changing the bequest of the proceeds of the sale of the home, was republished by the codicil above set forth for the reason that the codicil dealt with the proceeds from the sale of the home on the basis of the alteration of item 5 rather than the original item 5. This points up the fact that the original will was altered after its execution and that the codicil was made after the alteration. We think that the trial judge correctly ruled in accordance with the citations above and the fundamental guide in the constructions of wills, the intention of the testator when it can be ascertained from the facts and surrounding circumstances.

■ The trial court did not err in holding that the "in ter-

rorem" clause in the will was inapplicable. The filing of a declaratory action by the plaintiff devisee was not an attack upon the will. There is no mention in the record of the filing of a caveat by the plaintiff. The search for the true meaning of a will is not an attack upon it.

■ The trial court did not err in holding that the appellee was entitled to one-half of the proceeds of the sale of the home of the testatrix and, in effect, that the sum representing that one-half interest was payable instanter. It is too fundamental to require citation of authority that the law favors the earliest possible vesting of title when no other principle of law prevents. The facts here demand the conclusion that the testatrix intended to devise a fee simple title in one-half of the proceeds of the sale of the home to the appellee. This is the clear intention of the change in item 5 of the original will and the reference thereto, though indirect, in the stated codicil. We do not think that the testatrix, under the facts here, intended to create a trust in a life estate in the appellee, with remainder over to the appellee or other legatees. We think it would have been absurd to have a trustee sit in a chair and collect the interest on the securities placed in the registry of the court and collect a commission for collecting the interest. The Act of 1950 (Ga. L. 1950, p. 310; *Code Ann.* § 108-111.1), was not intended to be so applied, assuming that an implied or express repeal of *Code* § 108-114 was effected by said Act of 1950. See *DeVaughn v. Hays,* 140 Ga. 208 (78 SE 844). In addition to this, the ruling in *Houston v. Coram,* 215 Ga. 101 (2) (109 SE2d 41) and cit., controls this case. The simple ruling in that case, and others cited, is that an unambiguous bequest or devise of an absolute fee title, cannot be cut down or reduced by a later expression of unascertainable meaning.

The trial judge did not err in any of his rulings which are enumerated as error.

*Judgment affirmed. All the Justices concur.*