## A95A0099. KESLER v. WATTS.
(460 SE2d 822)

RUFFIN, Judge.

Tara Kesler, legatee under the will of Byron Watts, Sr., appeals from the superior court's order vacating a temporary restraining order and dismissing her petition for a declaratory judgment concerning the validity of an in terrorem clause in the will. The court ruled that Kesler was not an interested party and her complaint did not present a justiciable controversy. Kesler appealed to the Supreme Court which transferred the case to this court. Because we believe Kesler was not

entitled to the injunctive relief requested, but was nonetheless an interested party presenting a justiciable controversy, we affirm in part and reverse in part.

Watts died with a will giving Kesler, his granddaughter, a portion of his estate and naming appellee, Delores Watts, as executrix. The will contained an in terrorem clause providing that "[i]f any beneficiary under this Will contests this Will in any manner, such beneficiary or beneficiaries shall forfeit any right to receive any property under this Will and will not receive any devise, bequests or legacy specified herein." After Delores Watts filed a petition to probate the will, Kesler filed a complaint in superior court for declaratory and injunctive relief. In her complaint, Kesler stated she had potential challenges to the validity of the will and asked the court to declare the in terrorem clause invalid. Kesler further requested that the court issue "a temporary restraining order enjoining the Probate Court of Laurens County, Georgia, from making any determination or entering any substantive order as to the Solemn Form probate proceeding pending before said Court." The superior court issued the requested temporary restraining order and further ordered Delores Watts to appear and show cause why the court should not issue an interlocutory and permanent injunction.

After an evidentiary hearing on the matter, the superior court issued an order stating its findings that Kesler was not an interested party under OCGA § 9-4-2, and that she did not present a justiciable controversy. The court accordingly vacated the temporary restraining order and dismissed Kesler's complaint. Immediately after the court issued its order, Delores Watts obtained an order from the probate court probating the will. Kesler appeals from the superior court's order.

1. Kesler contends the superior court erred in vacating the temporary restraining order and in failing to issue an interlocutory injunction. While a superior court generally has the power to issue injunctions, this power does not extend so far as to allow it to enjoin a judge in the exercise of his judicial functions. *Breeden v. Breeden*, 202 Ga. 740 (1) (44 SE2d 667) (1947). Such an injunction, to the extent that it is ordered by a superior court, can only be directed to the parties before the court. Id. Accordingly, the superior court in this case did not have authority to issue an injunction restraining the probate court from taking further action. Since the superior court was without authority to enjoin the probate court, it was not error for the superior court judge to vacate such an order, or to refuse to issue an interlocutory injunction to that effect.

2. However, as a legatee under Watts's will, Kesler is entitled to a declaration concerning the validity of the in terrorem clause. OCGA § 9-4-4 (a) (3) provides in pertinent part that "any person interested

as . . . [a] legatee . . . may have a declaration of rights or legal relations in respect thereto and a declaratory judgment . . . [t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." This statute is to be liberally construed and administered so as to "afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. . . ." OCGA § 9-4-1.

The trial court found, and Delores Watts contends, that Kesler had nothing to gain by obtaining a declaration concerning the validity of the in terrorem clause. We disagree. As a legatee, Kesler stands to inherit a portion of Watts's estate. If the in terrorem clause is valid and Kesler contests the will in *any* manner, she will forfeit her right to receive any property under the will. On the other hand, if the in terrorem clause is declared invalid, Kesler can challenge the will in any manner without risk of forfeiting her interest in Watts's estate under the in terrorem clause. We will not speculate, as the trial court has, that Kesler seeks to invalidate the entire will; that such a challenge would result in her losing her devise; that under these circumstances she would lose any inheritance because she was not named in an earlier will and is not an heir at law; and that under such a scenario she has nothing to gain by a declaration that the in terrorem clause is invalid. It is enough that Kesler wants to challenge Watts's will and is faced with insecurity and uncertainty concerning her rights. This is unquestionably a justiciable controversy. *Cohen v. Reisman*, 203 Ga. 684, 685 (3) (48 SE2d 113) (1948). Accordingly, we reverse on this issue and remand for a declaration on the validity of the in terrorem clause.

*Judgment affirmed in part, reversed in part and remanded. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 11, 1995 —
RECONSIDERATIONS DENIED JULY 26, 1995 —

*Nelson, Gillis & Smith, James F. Nelson, Jr., J. Stanley Smith, Jr.,* for appellant.

*Larsen & West, W. Washington Larsen, Jr., Carl K. Nelson, Jr.,* for appellee.