A99A0865. ISP ALLIANCE, INC. v. PHYSIOTHERAPY ASSOCIATES.
(519 SE2d 241)

BLACKBURN, Presiding Judge.

In this garnishment action, ISP Alliance, Inc. appeals the trial court's rulings that (1) its counterclaim against Physiotherapy Associates should be dismissed and (2) its motion for attorney fees should be denied. For the reasons set forth below, we affirm.

The record shows that Physiotherapy Associates obtained a monetary judgment against Donald and Joann Riner. Physiotherapy Associates then filed a garnishment action against Mr. Riner's employer, America Net, on May 9, 1997. A default judgment was obtained against America Net. On January 7, 1998, Physiotherapy Associates filed a garnishment action in the state court of Fulton County against "ISP Alliance, Inc. d/b/a America Net." In response to this action, Southtrust Bank, which held ISP's account, filed a check with the clerk of the court in the amount of the judgment against America Net.

On February 24, 1998, ISP filed a traverse to the garnishment action. In this pleading, ISP stated that, although it had purchased

the assets of America Net, it had not assumed America Net's legal responsibilities.

In its traverse, ISP brought a counterclaim against Physiotherapy Associates, alleging that Physiotherapy Associates had converted its funds by causing its bank to freeze the assets in question. In its pleading, ISP requested compensatory and punitive damages as well as attorney fees.

In its order, the trial court ruled, without explanation, that Physiotherapy Associate's garnishment action against ISP should be dismissed with prejudice, that ISP's counterclaim should be dismissed for lack of jurisdiction, and that ISP's motion for attorney fees should be denied.

1. ISP contends that the trial court improperly dismissed its counterclaim. As we find that ISP failed to state a claim for conversion, the trial court did not err in refusing to consider such claim.

As an initial matter, we note that ISP has failed to provide this Court with any transcript of a hearing held before the trial court. As a general matter, "[w]hen an appellant omits evidence necessary for determination of issues on appeal affirmation is required. [Cit.]" *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998). In this case, however, ISP's appeal presents this Court with a question of law which can be decided without reference to the omitted transcript.

> A person commits the offense of theft by conversion when, having lawfully obtained funds . . . under an agreement or other known legal obligation to make a specified application of such funds . . . , he knowingly converts the funds . . . to his own use in violation of the agreement or legal obligation.

OCGA § 16-8-4 (a). As a matter of law, no conversion occurred in this case. The freezing of ISP's assets was precipitated by operation of the garnishment statute, not Physiotherapy Associates' own doing. As such, Physiotherapy Associates never converted ISP's funds to its own use. Rather, the funds were automatically frozen by operation of law until such time that a court could determine whether ISP truly owed the funds to Physiotherapy Associates. Therefore, the trial court should not have considered ISP's counterclaim in this case because it lacked any legal merit, and a decision by a trial court which is correct for any reason will be affirmed. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

2. As we have found that the trial court properly dismissed ISP's counterclaim in this action, we also affirm the court's ruling denying attorney fees prayed for by ISP in relation to such counterclaim.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 4, 1999 — CERT. APPLIED FOR.

*Fisher & Phillips, Keith B. Romich*, for appellant.
*Frederick J. Hanna, Elizabeth C. Whealler*, for appellee.