**SECOND DIVISION**
**DOYLE, J.,**
**BRANCH and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 27, 2017**

# In the Court of Appeals of Georgia

A16A1698. IN RE: ESTATE OF LOUISE RAY BURKHALTER.

BRANCH, Judge.

William Thomas Ray Burkhalter and John Allan Burkhalter, executors of the estate of Louise Ray Burkhalter, appeal from the Bibb County Probate Court's order granting, in part, a petition for a declaratory judgment filed by George Laris Burkhalter and Nancy Gayle Ward. In the rulings at issue in this appeal, the probate court granted the petitioners' requests for a declaratory judgment that they may, without invoking the in terrorem clause[1] included in the testator's will, file subsequent petitions concerning the will and its administration. For the reasons that

---

[1] An "in terrorem" or "no-contest" clause refers to "a testamentary provision that threatens to dispossess any beneficiary who challenges the terms of the will." Black's Law Dictionary 1209 (10th ed. 2014).

follow, we vacate the probate court's rulings and remand for further proceedings consistent with this opinion.[2]

Louise Ray Burkhalter, the testator, died on March 18, 2015, and her will was admitted to probate. "Item IV" in her will provides as follows:

> [I]t is my desire that an equitable distribution of my estate is made among my children. I have considered the distress I have incurred due to actions by my daughter, Nancy Gayle Burkhalter Ward as well as her son Robert Watkins, in an effort to thwart actions by my other children, which were taken in an effort to benefit my trust. Due to the for[e]going I desire that my sons, William Thomas Ray Burkhalter and John Allan Burkhalter make a calculation on loss sustained due to the actions of my daughter and grandson. I desire that this calculation be at the complete discretion of my executors/executor, and may be up to my entire remaining estate. I have complete confidence in their decisions and desire to avoid any further dispute whether through a court or otherwise.

> I direct that this calculation, whatever it shall be, be considered, for the limited purpose of distribution, an asset of my estate already held

---

[2] We initially transferred this appeal to the Supreme Court on the ground that its resolution potentially required an evaluation of the meaning of the testator's will. The Supreme Court returned the case to this Court, concluding that none of the probate court's findings turned on the construction or interpretation of the testator's will or on a determination as to the validity of any provision thereof.

2

by my daughter, Nancy Gayle Burkhalter.[3] Each of my other children are entitled to the same benefit. Therefore, I direct that prior to further distribution, an amount equal to this calculation be distributed to each of my other children, William Thomas Ray Burkhalter, John Allan Burkhalter, George Laris Burkhalter and Mary Alice Burkhalter to be held by them in fee simple forever.

"Item IX" in the will contains the in terrorem clause, which provides, in relevant part:

In order to assure there will be no dispute between my children concerning some of the expenditures made out of the Burkhalter Family Trust and other financial transactions with the assets in my estate, I want to declare that I have personally authorized these transactions. . . . I absolutely do not wish for my children to engage in legal disputes over this estate after my death. Therefore:

Any person whether named as a beneficiary under my Last Will and Testament or becoming an heir of my estate by operation of law or any other means who attacks in any court of law any provision of my Last Will and Testament, or the administration of my estate, or the management or expenditures of the Burkhalter [F]amily [T]rust shall be specifically disinherited from any portion of my estate that would go to them either from provisions in my will or through operation[ ] of law. If this provision becomes operative, I direct that any portion of my estate

---

[3] Nancy Gayle Burkhalter Ward, Nancy Gayle Burkhalter, and Petitioner Nancy Gayle Ward are the same person.

that is involved be added to the residue and be distributed to the remaining beneficiaries, according to this, my Last Will and Testament.

On June 10, 2015, the probate court issued letters testamentary qualifying the appellants as the executors of the testator's estate. On June 15, 2015, the petitioners filed a petition for a declaratory judgment. As relief, the petitioners sought a declaration that they may, without invoking the in terrorem clause in the testator's will, file additional declaratory judgment actions (i) "regarding Item IV" of the will, (ii) "regarding Item IX" of the will, and (iii) to remove William and John as executors of the estate. The petitioners did not, however, file copies of any proposed actions that they intended to file in these subsequent actions.

On August 15, 2015, the probate court held a hearing on the petition, following which the court made three rulings: it denied the petition as to Item IV (the share calculation provision), granted the petition to file a second petition as to Item IX (the in terrorem provision), and granted the petition to file a second petition for the removal of the executors.

As to Item IV, the court noted that it was "being asked to pre-determine" whether a future action "not filed or presented to the Court, concerning Item IV of the Will violates the in terrorem clause in Item IX of the Will." The court found that it

4

was unclear whether the petitioners were "seeking to declare a provision of the Will void or merely seeking interpretation or construction of the language of the Will." Accordingly, the court found it impossible to pre-determine whether such an action would violate the in terrorem condition, and it therefore denied the petition as to Item IV. The appellee petitioners have not cross-appealed this ruling.

As to Item IX, the court held that a legatee may seek clarity as to the "validity of" an in terrorem clause. The court therefore granted the petition to file another petition for declaratory judgment regarding the validity of the in terrorem clause in Item IX of the will. Finally, the court concluded that a petition for the removal of the executors also would not invoke the in terrorem clause because such a clause does not apply to "an action for an accounting and/or removal of an executor." This appeal followed.[4]

---

[4] The parties' appellate briefs refer to proceedings that postdate the probate court order at issue in this appeal. Because those proceedings are not part of the current record on appeal, we do not consider them and express no opinion on the effect of any such proceedings on the issues on appeal.

The appellant executors have not provided to this Court a transcript of the August 15, 2015 hearing. Accordingly, they may only challenge the legal rulings in the trial court's order.[5]

The executors challenge two probate court rulings: (1) the declaration that the petitioners may file a future petition for a declaratory judgment "regarding the validity of" the in terrorem clause without violating the in terrorem clause itself; and (2) the declaration that the petitioners may file a future petition to remove the executors without violating the in terrorem clause. . As shown below, we conclude that the petitioners' claims and the trial court's rulings on these issues are flawed as a matter of law.

1. By statute, any person interested as a legatee, heir, or beneficiary of the estate of a decedent "may have a declaration of rights or legal relations in respect thereto and a declaratory judgment . . . [t]o determine any question arising in the administration of the estate . . . , including questions of construction of wills and other

---

[5] This appeal raises a question of law that can be decided without reference to the omitted transcript. See *ISP Alliance v. Physiotherapy Assocs.*, 238 Ga. App. 436, 437 (1) (519 SE2d 241) (1999); see also *Bradley v. Roberts*, 233 Ga. 114, 114 (210 SE2d 236) (1974). Moreover, the hearing does not appear to have been an evidentiary hearing; in its order, the trial court stated that it relied on "the pleadings, cases cited and argument of counsel."

6

writings." OCGA § 9-4-4 (a) (3) (emphasis supplied); *Sinclair v. Sinclair*, 284 Ga. 500, 501 (1) (670 SE2d 59) (2008). "This statute is to be liberally construed and administered so as to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Sinclair*, 284 Ga. at 501 (1) (citations and punctuation omitted; emphasis supplied ); see OCGA § 9-4-1 (stating the purpose of the Declaratory Judgment Act).

Thus, under OCGA § 9-4-4 (a) (3), an interested party may seek a declaration concerning the validity of an in terrorem clause. See *Kesler v. Watts*, 218 Ga. App. 104, 105 (2) (460 SE2d 822) (1995); *Sinclair*, 284 Ga. at 501 (1). And the filing of such an action is not itself a violation of the in terrorem clause at issue: "The search for the true meaning of a will is not an attack upon it." *Hicks v. Rushin*, 228 Ga. 320, 324 (2) (185 SE2d 390) (1971); see also *Sinclair*, 284 Ga. at 504 (2) (citing *Hicks*). Our Supreme Court also sanctions the use of a declaratory judgment action to determine whether a proposed future action by the petitioner would violate an in terrorem clause. *Sinclair*, 284 Ga. at 501 (1); *Cohen v. Reisman*, 203 Ga. 684 (48 SE2d 113) (1948). Typically these proposed actions involve questions of whether and how an interested party may challenge actions by an executor, trustee or other

7

fiduciary in the face of an in terrorem clause. See, e.g., *Sinclair*, 284 Ga. at 501 (1); *Cohen*, 203 Ga. at 685 (3).

But we find no authority supporting a procedure by which an interested party may file one declaratory judgment action to determine whether it may file a second declaratory judgment action to determine the validity of an in terrorem clause. Rather, a question regarding the validity of an in terrorem clause should be resolved in the first declaratory judgment action raising that issue. Cf. *Kessler*, 218 Ga. App. at 106 (2) (in declaratory judgment action filed concerning validity of in terrorem clause, case remanded for that determination). Because we find no law allowing a second declaratory judgment action on the question of the validity of an in terrorem clause the court's order must be reversed on this issue and remanded for that determination.[6]

2. We next address the court's declaration that a future petition to remove the executors would not violate the in terrorem clause found in the will. We again find legal error.

---

[6] It is clear that the issue has not been addressed below. As already established by the Supreme Court's order transferring this case back to this Court, the trial court "did not . . . interpret any specific provision of the will" and none of its findings "turned on any determination as to the validity of any specific provision of Ms. Burkhalter's will or even on a construction or interpretation as to the meaning of any specific provision of Mrs. Burkhalter's will."

As a part of this declaratory judgment action, the trial court was required to determine whether the petitioner's proposed action violates the specific in terrorem clause at issue as properly construed under the law. See *Sinclair*, 284 Ga. at 500-502. In *Sinclair*, the petitioner in the declaratory judgment action specified that he intended to file a subsequent action for removal of an executor for cause:

> on the grounds of hostility, incompetence, self-dealing, flagrant abuses of fiduciary responsibilities and other wrongs, and for an accounting and other relief for breaches of trust, collusion, and negligence in the performance of his duties under the will.

Id. at 500. The specific in terrorem clause in that case provided that any legatee, devisee or beneficiary of the will who contested the validity of the will or any provision thereof or instituted any proceedings to do so would have their benefits under the will revoked and given to the other beneficiaries under the will. Id. The Supreme Court then described the dilemma facing the petitioner in terms of whether the proposed future action violated the in terrorem clause at issue:

> If *that action* constitutes a proceeding *to contest the will or any provision thereof*, Appellant "will forfeit [his] right to receive any property under the will. On the other hand," *if the proposed action* does not constitute such a proceeding, Appellant can bring the action

9

"without risk of forfeiting [his] interest in [Testatrix's] estate under the in terrorem clause."

Id. at 501 (1) (emphasis supplied), quoting *Kessler*, 218 Ga. App. at 106 (2). The court in *Sinclair* then strictly construed the in terrorem clause, as required,[7] and determined that it applied "only to an actual will contest" and not to the proposed action by the petitioner, which sought an accounting and removal of the executor for cause. *Sinclair*, 284 Ga. at 502 (2). The Supreme Court also found that "it would violate public policy to construe the condition in terrorem so as to require the forfeiture of a beneficiary's interest for bringing an action for accounting and removal of the executor." Id. The court concluded that "the in terrorem clause in Testatrix's will does not and cannot require forfeiture of [the appellant's] interest if he files the proposed action for accounting and removal of Executor." Id. at 504 (2). Finally, *Sinclair* noted that a declaration that a proposed action will not violate an in terrorem clause is limited to the type of proposed action *that the petitioner has described*: "Appellant could conceivably choose to risk a forfeiture of his interest under the will by requesting relief [in the future action] beyond that which is outlined in his

---

[7] "Because in terrorem clauses result in forfeitures, they must be strictly construed." *Preuss v. Stokes-Preuss*, 275 Ga. 437, 438 (569 SE2d 857) (2002) (footnote omitted).

10

complaint for declaratory judgment." *Sinclair*, 284 Ga. at 503 (2). As can be seen, the court had to both construe the relevant in terrorem clause and compare it to the action proposed by the petitioner in the declaratory judgment action.

Here, the petition fails to specify the proposed claims against the executors sufficient for the trial court to have determined that those claims would not violate the in terrorem clause. The petition does not include a proposed complaint or otherwise state the basis for a suit to remove the executors. Absent such allegations, the record does not support the probate court's conclusion that the petitioners' proposed petition to remove the executors will not violate the in terrorem clause. Compare *Sinclair*, 284 Ga. at 500-503 (1) & (2); *Cohen*, 203 Ga. at 685-686 (3) & (4) (appellant sought a ruling on whether, under the in terrorem provision in the testator's will, appellant would forfeit her interest in the estate if she brought an action to compel the executor to dispose of the estate in accordance with the terms of the will); *Cohen*, 203 Ga. at 685 (3) (beneficiary under will sought declaration as to application of certain in-terrorem clause "should she bring an action seeking to show that the executor has wrongfully withheld from her assets of the estate going to her under the will, and that he as executor had perpetrated a fraud upon the ordinary in procuring his discharge"); see also OCGA § 9-11-54 (c) ("[T]he court shall not give the

11

successful party relief, though he may be entitled to it, where the propriety of the relief was not litigated and the opposing party had no opportunity to assert defenses to such relief."). At best, the petition here can be read to allege that the executors should be removed because they have a conflict of interest between their roles as executors and as beneficiaries of any forfeiture that might result from the effect of the in terrorem clause. But the trial court did not examine whether any such assertion would be a violation of the in terrorem clause or whether, based on those allegations, application of the in terrorem clause would be void.

It is true that an in terrorem clause may not punish litigation brought "to enforce the will and to compel the executor . . . to carry out its terms" because an executor "has no arbitrary powers to avoid the provisions of a will which he is appointed to execute." See *Sinclair*, 284 Ga. at 502-503 (2). But absent some indication in the record that the petitioners seek to remove the executors *to enforce the testator's wishes*, the petitioners' reliance on *Sinclair* is of no avail. See id. at 502 (2); accord *Norman v. Gober*, 292 Ga. 351, 354 (1) (737 SE2d 309) (2013) (concluding that a caveat to the decedent's will was not governed by *Sinclair* because the caveat sought to challenge the will, whereas the petition in *Sinclair* sought to

12

affirm the will). The court therefore failed to analyze the issue of the petitioners'

proposed claim against the executors in accordance with *Sinclair* and *Kessler*.

For the above reasons, the trial court erred in its rulings as to the petitioners'

proposed petitions for declaratory judgment regarding Item IX of the will and

removal of the executors without violating the in terrorem clause. We therefore vacate

the probate court's judgment and remand this case for further proceedings consistent

with this opinion.

*Judgment vacated and case remanded. Doyle and Reese, JJ., concur.*