**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 8, 2019**

# In the Court of Appeals of Georgia

A19A1537. IN RE ESTATE OF ROBERT A. JOHNSON.

MARKLE, Judge.

Brothers Robert Johnson, Jr., and Christopher Johnson (collectively "the Johnsons") appeal from the probate court's denial of their petition for declaratory judgment seeking to interpret certain provisions in their father's will. Because the probate court properly concluded that the Johnsons' declaratory judgment action would trigger the in terrorem clause, we affirm.

The record shows that the Johnsons' father, Robert A. Johnson ("the father"), executed both a will and a trust in 2016. Per the terms of the will, the father left his property either in trust or through a life estate to benefit Wendy Gerrity, who was his fiancée at the time he executed both the will and trust. The father appointed Gerrity

as executor of his will, but identified her in this document as his "wife" even though the two had not yet married.

The will contained an "in terrorem clause," which provided:

> Should any beneficiary of this Will contest the validity of this Will or any provision thereof or institute any proceedings to contest the validity of this Will, any trust created by this Will or by me during my life, or any other provision thereof or to prevent any provision thereof from being carried out in accordance with its terms (whether or not in good faith and with probable cause), then all benefits provided for such beneficiary in this Will . . . are revoked and annulled[.][1]

The will also created a living trust, for which Gerrity was to be the trustee following the father's death. With regard to the trust, the document expressly indicated that it was "made in contemplation to my marriage to WENDY E. GERRITY." Per the terms of the trust, the trustee was to manage the funds and direct payment to support the father's "wife," himself, or his descendants. Additionally, the trust contemplated that, upon the father's death, all items in the trust would be distributed to "my wife, WENDY E. GERRITY" as a life estate, and that any interest in his home would be distributed to "the WENDY E. GERRITY LIVING TRUST . . . if and only if,

---

[1] The will contained a provision for the distribution of assets in the event that any bequest was revoked under the in terrorem clause.

WENDY E. GERRITY is alive at the time of my death." In several of the trust's provisions, the father made specific provisions for his "wife," without referring to her by name. The trust also contained an in terrorem clause that mirrored the clause in the will. It is undisputed that, at the time these documents were executed, the father and Gerrity were not married.

The father died in October 2018, and at the time of his death, the father and Gerrity had not married. Gerrity submitted the will to probate in solemn form. Thereafter, the Johnsons filed the instant petition for declaratory judgment seeking an opinion from the probate court that they could file a second declaratory action to construe the terms of the will and trust without running afoul of the in terrorem clauses. Attached to the petition was a copy of the second, proposed declaratory judgment ("proposed declaratory judgment action") they wished to file. The gist of their argument in the proposed declaratory judgment action was that, because Gerrity was not the father's wife, she was not entitled to be a beneficiary or to serve as the executor of the will or a trustee of the trust. They later amended the proposed declaratory judgment action to allege that because Gerrity was not the father's wife when the father died, "this Court should interpret his documents such that 1) the Trust is valid, but a necessary condition of his Trust was not met, thereby causing its

termination; 2) [Gerrity] is not a beneficiary of the Will, Trust, or heir of the [father] as she and the [father] were not married; and 3) [Gerrity] is ineligible to serve as the Personal Representative of the Will or Trustee of the Trust because she was not married to [the father]."

Gerrity opposed the petition, arguing that the proposed declaratory judgment action would violate the in terrorem clause. Following a hearing, at which the probate court heard argument but did not take any evidence, the probate court denied the petition for declaratory judgment because the proposed declaratory judgment action would remove Gerrity as a beneficiary and, therefore, was barred by the in terrorem clauses. The Johnsons now appeal.

In their sole enumeration of error, the Johnsons argue that the probate court erred by denying their petition for declaratory judgment because the instant petition only sought to determine the "true meaning of the Will and Trust." They further point to the probate court's erroneous factual findings that they contend led the probate court to its incorrect ruling. They argue that the probate court was confused because they filed the instant petition for declaratory judgment to determine if they could bring the proposed declaratory judgment action to challenge the will and trust without violating the in terrorem clauses. According to the Johnsons, their proposed

4

declaratory judgment action merely sought to determine if Gerrity, who was the father's fiancée and not the father's wife, was the fiduciary under the will and trust, and therefore, they actually sought to carry out the will according to its intent as written. We disagree.

Under OCGA § 9-4-4 (a) (3), any person interested as a legatee, heir, or beneficiary of the estate of a decedent "may have a declaration of rights or legal relations in respect thereto and a declaratory judgment . . . [t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." See also *Sinclair v. Sinclair*, 284 Ga. 500, 501 (1) (670 SE2d 59) (2008). "This statute is to be liberally construed and administered so as to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." (Citations and punctuation omitted.) *Sinclair*, 284 Ga. at 501 (1); see also OCGA § 9-4-1 (stating the purpose of the Declaratory Judgment Act). Accordingly, OCGA § 9-4-4 (a) (3) permits an interested party to seek a declaration regarding the validity of an in terrorem clause. *In re Estate of Burkhalter*, 343 Ga. App. 417, 421 (1) (806 SE2d 875) (2017). Moreover, filing a declaratory judgment does not itself violate the in terrorem clause, and our Supreme Court has sanctioned the use of a declaratory judgment action to determine whether a proposed future

5

declaratory action by the petitioner would violate an in terrorem clause. *Sinclair*, 284

Ga. at 501 (1), 504 (2); see also *Kesler v. Watts*, 218 Ga. App. 104, 105 (2) (460 SE2d

822) (1995) (permitting declaratory action to determine validity of in terrorem

clause).

Here, the Johnsons filed a declaratory judgment action seeking to determine

whether they could file their proposed declaratory judgment action to "interpret" the

father's will, specifically whether the will and trust were valid and whether Gerrity

was entitled to be a beneficiary, executor, or trustee.[2] Although the filing of the

instant petition for declaratory judgment would be permissible and would not be

barred by the in terrorem clause, the proposed declaratory judgment action would, as

the trial court found, violate the in terrorem clause. Although the Johnsons contend

that they seek only an interpretation of the will and the use of the term "wife" when

referring to Gerrity, their proposed declaratory judgment action makes clear that what

they truly seek is to remove Gerrity as a beneficiary, executor, and trustee. Compare

*Hicks v. Rushin*, 228 Ga. 320, 324 (2) (185 SE2d 390) (1971) (filing declaratory

---

[2] To the extent that the probate court's order could be interpreted to conclude that only Gerrity could bring a declaratory action, we disagree. Any beneficiary can bring an action seeking to hold the fiduciary to enforcement of the document without violating an in terrorem clause. See *Snook v. Sessoms*, 256 Ga. 482 (350 SE2d 237) (1986).

6

judgment petition was not an attack upon the will but rather was a "search for the true meaning of [the] will"). Thus, as the probate court correctly found, the proposed declaratory judgment action would trigger the in terrorem clause.[3]

In support of their argument that they are entitled to bring their proposed declaratory judgment action to interpret the will and trust, the Johnsons cite three cases: *Sinclair*, 284 Ga. 500; *Duncan v. Rawls*, 345 Ga. App. 345 (812 SE2d 647) (2018); and *Burkhalter*, 343 Ga. App. 417. However, none of these cases supports the Johnsons' argument.

In *Sinclair*, the Supreme Court of Georgia held that a party could bring an action for accounting or removal of an executor without triggering the in terrorem clause because those claims did not seek to destroy the will. *Sinclair*, 284 Ga. at 501 (1). But that is not what the Johnsons have done here. As they clearly set out in the proposed declaratory judgment action, the purpose of that action is to remove Gerrity as a beneficiary, executor, and trustee. In other words, although they couch their claims as if they were not trying to break the father's will and trust, the outcome they

---

[3] The Johnsons point to various factual errors by the probate court as a basis for their argument that the probate court erred. The probate court incorrectly stated in its order that the will had not been admitted into probate, but it had. This mistake, however, has no impact on our analysis.

seek is precisely that. Accordingly, *Sinclair* does not support their ability to bring the proposed declaratory judgment action.

Neither do *Duncan* or *Burkhalter*. In *Duncan*, this Court held that a party could bring a declaratory judgment action to raise a breach of fiduciary duty claim without running afoul of an in terrorem clause. 345 Ga. App. at 351-352 (2) (a). Again, although the Johnsons argue that their petition is akin to a breach of fiduciary duty claim, a review of their proposed declaratory judgment action confirms that they actually seek to challenge the terms of the will and trust. Thus, nothing in *Duncan* will enable the Johnsons to circumvent the in terrorem clause.

Finally, in *Burkhalter*, this Court confirmed that a declaratory judgment was a permissible mechanism to determine if a future declaratory judgment action would be barred, but we explained that there was "no authority supporting a procedure by which an interested party may file one declaratory judgment action to determine whether it may file a second declaratory judgment action to determine the validity of an in terrorem clause." 343 Ga. App. at 421 (1). Instead, any question about the validity of the in terrorem clause "should be resolved in the first declaratory judgment action raising that issue." Id. Applying this holding to the instant case, it is clear that

8

the probate court properly considered whether the in terrorem clause would bar the subsequent, proposed declaratory judgment action.

Turning to the in terrorem clauses at issue in this case, we conclude that there is no merit to the Johnsons' argument that they seek only an interpretation of the will. It is clear from the plain language of their proposed declaratory judgment action that they sought to void any bequest to Gerrity or any involvement by Gerrity in the father's estate. This is exactly what the in terrorem clause is designed to prevent. Compare *Callaway v. Willard*, 321 Ga. App. 349, 357 (3) (a) (739 SE2d 533) (2013) (challenge to decedent's competency to establish trust did not violate in terrorem clause regarding management decisions because such challenge did not relate to management of trust). Accordingly, the probate court properly concluded that the proposed declaratory judgment action would violate the in terrorem clause, and we affirm its denial of the petition.

*Judgment affirmed. Doyle, P. J., and Coomer, J., concur*.