**THIRD DIVISION
DILLARD, P. J.,
GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 9, 2020**

# In the Court of Appeals of Georgia

A19A2056. IN RE ESTATE OF LOUISE RAY BURKHALTER.

DILLARD, Presiding Judge.

William Burkhalter, executor of the estate of Louise Ray Burkhalter, appeals the probate court's grant of a declaratory judgment[1] to George Burkhalter and Nancy Ward, beneficiaries of Louise's estate ("appellees").[2] In granting the declaratory judgment, the probate court made several declarations adverse to William with regard to the enforceability of the in terrorem clause in Louise's will. And in doing so,

---

[1] The court partially denied the petition for a declaratory judgment as to issues that are not relevant to this appeal.

[2] As explained more fully below, this is the second time this case has been before us. *See In re Estate of Burkhalter*, 343 Ga. App. 417, 418 (806 SE2d 875) (2017) ("*Burkhalter I*"). In *Burkhalter I*, we remanded the case for further proceedings, and William now appeals the probate court's ruling on the appellees' post-remand amended petition for a declaratory judgment. *Id*.

William argues the probate court erred in failing to address his counterclaim that the appellees violated the in terrorem clause, and as a result, have been disinherited. William also maintains the probate court erred by declaring that (1) the in terrorem clause is invalid as to an attack by an heir or beneficiary on the administration of the estate; (2) the in terrorem clause is invalid as to an attack by an heir or beneficiary on the management or expenditures of the Burkhalter Family Trust; (3) William must provide, within 60 days of the court's order, a complete accounting of the calculation of the loss sustained as referenced in a certain provision in the will; and (4) the appellees may proceed with a petition for an accounting or for removal of the executor without violating the in terrorem clause. For the reasons noted *infra*, we affirm.

The record shows that Louise died on March 18, 2015, and her will was admitted to probate.[3] On June 10, 2015, the probate court issued letters testamentary qualifying William as the executor of the estate.[4] Shortly thereafter, on June 15, the

---

[3] *Burkhalter I*, 343 Ga. App. at 418.

[4] *Id*. at 419. Initially, William and John Burkhalter were both named as executors of Louise's estate, but John passed away during the pendency of this proceeding and was removed as an executor. *Id*. For ease of reference, we refer to William as the sole executor throughout this opinion even though some of the underlying proceedings occurred when there were two executors.

2

appellees filed a petition for a declaratory judgment, seeking declarations that they may file future declaratory actions regarding the will, as well as a petition to remove William as executor, without violating the will's in terrorem clause.[5] But with respect to the in terrorem clause, the appellees did not file copies of any proposed actions they intended to file in these proposed subsequent actions.[6]

Relevant to this appeal, "Item IX" of Louise's will contains the in terrorem clause, which provides, in relevant part:

> In order to assure there will be no dispute between my children concerning some of the expenditures made out of the Burkhalter Family Trust and other financial transactions with the assets in my estate, I want to declare that I have personally authorized these transactions . . . . I absolutely do not wish for my children to engage in legal disputes over this estate after my death. Therefore:

> Any person whether named as a beneficiary under my Last Will and Testament or becoming an heir of my estate by operation of law or any other means who attacks in any court of law any provision of my Last Will and Testament, or the administration of my estate, or the management or expenditures of the Burkhalter [F]amily [T]rust shall be specifically disinherited from any portion of my estate that would go to

---

[5] *Id*.

[6] *Id.*

3

them either from provisions in my will or through operation[ ] of law. If this provision becomes operative, I direct that any portion of my estate that is involved be added to the residue and be distributed to the remaining beneficiaries, according to this, my Last Will and Testament.[7]

On August 15, 2015, the probate court held a hearing on the appellees' petition, after which it made the following rulings: "it denied the petition as to Item IV (the share calculation provision), granted the petition to file a second petition as to Item IX (the in terrorem provision), and granted the petition to file a second petition for the removal of the executor[ ]."[8] Specifically, as to Item IX, the court held that "a legatee may seek clarity as to the 'validity of' an in terrorem clause."[9] To that end, the court "granted the petition to file another petition for declaratory judgment regarding the validity of the in terrorem clause in Item IX of the will."[10] Lastly, the court concluded that a petition for the removal of the executor would not invoke the in

---

[7] *Id.* at 419.

[8] *Id.*

[9] *Id.* at 420.

[10] *Id.*

terrorem clause because such a clause does not apply to "an action for an accounting and/or removal of an executor."[11]

William, as executor of testator's will, appealed, challenging the probate court's rulings that the petitioners may file (1) a future petition for a declaratory judgment regarding the validity of the in terrorem clause without violating the clause itself; and (2) a future petition to remove the executor without violating the in terrorem clause.[12] Ultimately, this Court concluded that the appellees' claims and the probate court's rulings on these matters are "flawed as a matter of law."[13] In doing so, we first found "no authority supporting a procedure by which an interested party may file one declaratory judgment action to determine whether it may file a second declaratory judgment action to determine the validity of an in terrorem clause."[14] Instead, a question regarding the "validity of an in terrorem clause should be resolved in the first declaratory judgment action raising that issue."[15] And because we found

---

[11] *Id.* (punctuation omitted).

[12] *Id.*

[13] *Id.*

[14] *Id.* at 421 (1).

[15] *Id.*

5

no law allowing a second declaratory-judgment action on the question of the validity of an in terrorem clause, the probate court's order was "vacated on this issue and remanded for that determination."[16]

In *Burkhalter I*, we also held the probate court erred in declaring that "a future petition to remove the executor[ ] would not violate the in terrorem clause found in the will."[17] Specifically, we noted that the petition failed to specify the proposed claims against the executor sufficient for the probate court to have determined that those claims would not violate the in terrorem clause.[18] Furthermore, the petition did not include a proposed complaint or otherwise state the basis for a suit to remove the executor.[19] Under such circumstances, we held that the record, as it then existed, did not support the probate court's conclusion that the petitioners' proposed petition to remove the executor would not violate the in terrorem clause.[20] Thus, the probate

---

[16] *Id.*; *see Kesler v. Watts*, 218 Ga. App. 104, 106 (2) (460 SE2d 822) (1995) (remanding a case in a declaratory-judgment action concerning validity of an in terrorem clause for the trial court to make that determination).

[17] *Burkhalter I*, 343 Ga. App. at 421 (2).

[18] *Id* at 423 (2).

[19] *Id.*

[20] *Id*.

6

court did not examine whether the proposed claims against the executor would violate the in terrorem clause, or whether—based on the particular allegations the appellees intended to make—the application of the in terrorem clause would be void.[21] For all of these reasons, we held that "the [probate] court erred in its rulings as to the petitioners' proposed petitions for declaratory judgment regarding Item IX of the will and removal of the executor[ ] without violating the in terrorem clause."[22] Therefore, we vacated the probate court's judgment as to this ruling as well, and remanded the case for further proceeding consistent with our opinion.[23]

Upon remand, the appellees filed an amended petition for a declaratory judgment, asking the probate court to (1) accept the amended petition; (2) decide whether the in terrorem clause in Item IX is valid; (3) declare that they are permitted to file a "Petition for Enforcement of Last Will and Testament of [Louise] and For an Accounting or, in the alternative, for Removal of Executor without being in violation of the in terrorem clause in IX of the [w]ill"; (4) declare that the filing of a declaratory action is not an attack upon the will itself; and (5) grant such other relief

---

[21] *Id.*

[22] *Id.* at 424 (2).

[23] *Id.*

as the court may deem just and proper. As an exhibit to the amended petition, the appellees attached a "petition for enforcement of last will and testament of [testator] and for an accounting or, in the alternative, for removal of executor." The appellees filed a supporting brief, and William filed a response.

Following a hearing, the probate court entered an order on the appellees' petition and made the following findings: (1) the in terrorem clause in Item IX of testator's will is valid as to an attack by an heir or beneficiary on any provision in the will; (2) the in terrorem clause is invalid as to an attack on an heir or beneficiary on the administration of the estate, or the management of expenditures of the Burkhalter Family Trust; (3) William, as the executor, must provide—within 60 days of the court's order—a complete accounting of the calculation of loss sustained as referenced in Item IX[24] of the will and provide same to the court and the appellees; and (4) the appellees may file a petition for an accounting, or in the alternative, removal of the executor without violating the in terrorem clause of the will, should they deem such is necessary after receipt of the loss calculations from the executor. This appeal follows.

---

[24] *See infra* note 34.

A probate court's findings of fact after a declaratory judgment hearing are "analogous to a jury verdict and will not be interfered with if there is any evidence to support them;[25] but we review the probate court's conclusions of law *de novo*.[26] Bearing this standard of review in mind, we turn to William's claims of error.

1. William argues the probate court erred by failing to address his counterclaim that the appellees violated the in terrorem clause in Louise's will and are therefore disinherited. We disagree.

While the probate court did not expressly reference William's counterclaim, in substance, the court resolved all of the relevant issues regarding the in terrorem clause and determined that the appellees were *not* disinherited merely because they sought declaratory relief regarding that provision. And indeed, in *Burkhalter I*, this Court expressly instructed the probate court that the filing of a declaratory-judgment action regarding the validity of an in terrorem clause "is not itself a violation of the in terrorem clause at issue[.]"[27]

---

[25] *Strange v. Towns*, 330 Ga. App. 876, 876 (769 SE2d 604) (2015) (punctuation omitted).

[26] *See id*.

[27] *Burkhalter I*, 343 Ga. App. at 421 (1).

9

In addition to claiming that the appellees should be disinherited merely for initiating this action, William's counterclaim complained that the appellees "began this action to remove [e]xecutor[ ] the day after the executor[ ] [was] installed without any objection to [his] installation by [the appellees] or otherwise and without the executor[ ] yet taking any action whatsoever to give rise to [his] removal." But the probate court expressly addressed this allegation and even indicated that it shared William's concerns. Specifically, the declaratory judgment stated,

> This court and [William] question the intent of the movants in filing a [d]eclaratory [j]udgment petition concerning an accounting and removal of executor[ ] a mere five days after the executor[ ] [was] appointed.[28]. On its face[,] the petition appears [to be] an anticipatory act; however, [William] [has] never denied that the beneficiary/movant, Gayle Ward, was never going to receive a distribution under the will. In other words, Gayle Ward already knew as soon as the will was probated that she was not going to receive a distribution under the estate . . . .

The probate court explained that the reason Ward would not receive a distribution was related to a calculation of loss under a certain will provision, and she was simply

[28] While William and the court appear to disagree about whether the declaratory judgment was filed one day or five days after the executor was appointed, this discrepancy is not relevant to the question of whether the court *addressed* the counterclaim in its order.

10

asking to know how the executor made the calculation. According to the court, as a beneficiary, she had the right to do so. And William does not challenge the substance of the court's ruling in this regard, but claims only that it failed to address the issue. But the record plainly shows that the court did so, and as a result, this claim is without merit.

2. William has abandoned his next three claims of error because he fails to provide relevant authority or make cognizable legal arguments to support them.

(a) William first contends the probate court erred in finding that the in terrorem clause is invalid as to an attack by the appellees on the administration of the decedent's estate.

In the two pages William devotes to this argument, the only authority he cites is part of a sentence in *Lanier v. Lanier*,[29] noting "there is a limitation over to some other person; in which event the latter shall take."[30] But rather than explain how *Lanier* applies to *this* case, he summarily contends, "here, the [c]ourt found that

---

[29] 218 Ga. 137 (126 SE2d 776) (1962).

[30] *Id.* at 146 (5). William provides only a portion of the sentence he quotes from *Lanier*. The complete sentence he references states, "Code § 113-820 provides, 'A condition in terrorem shall be void, unless there is a limitation over to some other person; in which event the latter shall take.'" *Id.* at 145-46 (5) (punctuation omitted).

11

limiting an attack by a beneficiary against the administration of the will is against public policy. . . . Nothing could be further than the truth." William then presents several assertions unsupported by authority or references to the record, and complains that the probate court failed to specify the public policy that supported its ruling.[31] Suffice it to say, William has failed to provide a discernable argument to support his bare assertion that the probate court erred in finding the in terrorem clause is invalid as to an attack by the appellees on the administration of the decedent's estate, and therefore, he has abandoned this claim of error.[32]

---

[31] William contends, in passing, that this case is like "*Sinclair*," but he does not cite to any particular portion of the opinion or provide any discussion of that case. Although William simply refers to the case as "*Sinclair*," a review of his brief as a whole suggests that he intends to reference *Sinclair v. Sinclair*, 284 Ga. 500 (670 SE2d 59) (2008). But as explained below, a mere reference to a case citation to support a conclusory allegation is not the type of meaningful argument contemplated by our rules. *See infra* note 32.

[32] *See Farmer v. Dep't of Corr.*, 346 Ga. App. 387, 394 (2) (816 SE2d 376) (2018) ("[M]ere conclusory statements are not the type of meaningful argument contemplated by our rules." (punctuation omitted)); *Woods v. Hall*, 315 Ga. App. 93, 96 (726 SE2d 596) (2012) ("[A]n assertion of error followed by a case citation is not legal argument, which requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts" (punctuation omitted)); *Fleming v. Advanced Stores Co.*, 301 Ga. App. 734, 735 (688 SE2d 414) (2009) ("It is not the function of this [C]ourt to cull the record on behalf of a party in search of instances of error." (punctuation omitted)); *Dixon v. Metro. Atlanta Rapid Transit Auth.*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) ("Rhetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant

(b) Next, William contends the probate court erred in finding that the in terrorem clause is invalid as to an attack by an heir or beneficiary on the management or expenditures of the Burkhalter Family Trust. But again, other than stating that the arguments made as to Division 2 (a), *supra*, apply to this claim of error, William provides no authority or references to the record. Indeed, in the half page of his brief devoted to this claim, William merely provides a string of conclusory statements, without making any discernable argument or applying any relevant authority to the circumstances in this case. Thus, he has likewise abandoned his contention that the probate court erred in finding the appellees would not violate the in terrorem clause if they attacked the management or expenditures of the Burkhalter Family Trust.[33]

(c) William also maintains the probate court erred in declaring that he must provide to the probate court and appellees—within 60 days of the date of its order—a complete accounting of the calculation of loss sustained (as referenced in the in terrorem clause).[34]

---

facts.").

[33] *See supra* note 32.

[34] Although the probate court indicates that Item IX of Louise's will—the in terrorem clause—provides for a calculation of loss, it appears that the court meant to reference Item IV, which provides, in part, that:

As to this claim of error, William details his version of certain facts underlying

> [I]t is my desire that an equitable distribution of my estate is made among my children. I have considered the distress I have incurred due to actions by my daughter, Nancy Gayle Burkhalter Ward, as well as her son Robert Watkins, in an effort to thwart actions by my other children, which were taken in an effort to benefit my trust. Due to the for[e]going I desire that my sons, William Thomas Ray Burkhalter and John Allan Burkhalter make a calculation on loss sustained due to the actions of my daughter and grandson. I desire that this calculation be at the complete discretion of my executors/executor, and may be up to my entire remaining estate. I have complete confidence in their decisions and desire to avoid any further dispute whether through a court or otherwise.
>
> I direct that this calculation, whatever it shall be, be considered, for the limited purpose of distribution, an asset of my estate already held by my daughter, Nancy Gayle Burkhalter. Each of my other children are entitled to the same benefit. Therefore, I direct that prior to further distribution, an amount equal to this calculation be distributed to each of my other children, William Thomas Ray Burkhalter, John Allan Burkhalter, George Laris Burkhalter and Mary Alice Burkhalter to be held by them in fee simple forever.

*Burkhalter I*, 343 Ga. App. at 418 (punctuation omitted).

William appears to suggest that there is no need for a calculation of loss because it "presupposes" Ward was disinherited for violating the in terrorem clause. But the probate court did not find that Ward violated the in terrorem clause and neither has this Court.

14

this appeal, but cites to only two pages of the record to support it. And yet again, William fails to provide even a single reference to authority, much less apply that authority to the facts of this case or make a cognizable argument to support his contentions. As a result, William has also abandoned his claim that the probate court erred by ordering him to provide a complete accounting of the calculation of loss sustained within 60 days of its order.[35]

3. Finally, William argues the probate court erred in declaring that the appellees may file a petition for an accounting, or in the alternative, for removal of the executor without violating the in terrorem clause, should they deem it is necessary after receipt of the loss calculation. Yet again, we disagree.

In Georgia, any person interested as a legatee, heir, or beneficiary of the estate of a decedent, by statute, "may have a declaration of rights or legal relations in respect thereto and a declaratory judgment to determine any question arising in the administration of the estate, including questions of construction of wills and other writings."[36] And this statute is to be construed "[unstintingly] and administered so as

_____

[35] *See supra* note 32.

[36] *Burkhalter I*, 343 Ga. App. at 420 (1) (punctuation omitted); *see* OCGA § 9-4-4 (a) ("Without limiting the generality of Code Sections 9-4-2, 9-4-3, 9-4-5 through 9-4-7, and 9-4-9, any person interested as or through an executor, administrator,

15

to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."[37]

Thus, under OCGA § 9-4-4 (a) (3), "an interested party may seek a declaration concerning the validity of an in terrorem clause."[38] And an interested party filing such an action is "not itself a violation of the in terrorem clause at issue" because "[t]he search for the true meaning of a will is not an attack upon it."[39] Furthermore, the Supreme Court of Georgia "sanctions the use of a declaratory judgment action to determine whether a proposed future action by the petitioner would violate an in

---

trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, ward, next of kin, or beneficiary in the administration of a trust or of the estate of a decedent, a minor, a person who is legally incompetent because of mental illness or intellectual disability, or an insolvent may have a declaration of rights or legal relations in respect thereto and a declaratory judgment: (1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; (2) To direct the executor, administrator, or trustee to do or abstain from doing any particular act in his fiduciary capacity; or (3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.").

[37] *Burkhalter I*, 343 Ga. App. at 420 (1) (punctuation omitted); *accord Sinclair v. Sinclair*, 284 Ga. at 501 (1); *Kesler*, 218 Ga. App. at 105 (2); *see* OCGA § 9-4-1 (stating the purpose of the Declaratory Judgment Act).

[38] *Burkhalter I*, 343 Ga. App. at 421 (1).

[39] *Id.* at 421 (1) (punctuation omitted); *see Sinclair*, 284 Ga. at 504 (2) ("[T]he filing of a declaratory action by Appellant was not an attack upon the will." (punctuation omitted)).

16

terrorem clause."[40] And as we have explained, "[t]ypically these proposed actions involve questions of whether and how an interested party may challenge actions by an executor, trustee or other fiduciary in the face of an in terrorem clause."[41]

In *Sinclair v. Sinclair*,[42] the Supreme Court of Georgia expressly held that "an action for accounting and removal of [e]xecutor clearly would not amount to a contest of the will by objecting to its probate; and such proceeding was clearly not an effort to break the will."[43] The *Sinclair* Court further explained that the relevant will would not be broken if a beneficiary "succeeds in obtaining an accounting and removal of Executor. The effect of [her] success would leave the will in full force and effect."[44]

---

[40] *Burkhalter I*, 343 Ga. App. at 421 (1); *see Sinclair*, 284 Ga. at 504 (2) (holding that a beneficiary did not violate an in terrorem clause by filing "a complaint for declaratory judgment, seeking to determine whether he would violate the in terrorem clause by bringing an appropriate action in good faith against Executor for his removal "); *Cohen v. Reisman*, 203 Ga. 684, 685 (48 SE2d 113) (1948) (holding that "the trial court properly entered judgment declaring that the plaintiff beneficiary could maintain an action in the proper tribunal to bring the executor to account on the grounds set out in the petition, and also correctly ruled that the beneficiary did not forfeit her legacy under the will by reason of having instituted the present action for a declaratory judgment").

[41] *Burkhalter I*, 343 Ga. App. at 421 (1).

[42] 284 Ga. 500 (670 SE2d 59) (2008).

[43] *Id.* at 502 (2) (punctuation omitted).

[44] *Id.* (punctuation omitted).

17

Moreover, our Supreme Court concluded that it "would violate public policy to construe the condition in terrorem so as to require the forfeiture of a beneficiary's interest for bringing an action for accounting and removal of the executor."[45] Ultimately, the Court held that "the trial court should have granted summary judgment in favor of [the beneficiary] because the in terrorem clause in [the decedent's] will does not and cannot require forfeiture of his interest if he files the proposed action for accounting and removal of [e]xecutor."[46]

Thus, under *Sinclair*, the probate court did not err in declaring the appellees could file a future petition for an accounting, or in the alternative, for removal of the executor, without violating the in terrorem clause. Nevertheless, in *Burkhalter I*, this Court acknowledged our Supreme Court's holding in *Sinclair*, but distinguished it. Specifically, we first noted that, in *Sinclair*, the beneficiary sought to bring an action against the executor for his removal based "on the grounds of hostility, incompetence, self-dealing, flagrant abuses of fiduciary responsibilities and other wrongs, and for an accounting and other relief for breaches of trust, collusion, and negligence in the

---

[45] *Id.*

[46] *Id.* at 504 (2).

18

performance of his duties under the will."[47] Thus, we concluded that the *Sinclair* Court had to "both construe the relevant in terrorem clause and compare it to the action proposed by the petitioner in the declaratory judgment action."[48] We also explained that, "*Sinclair* noted that a declaration that a proposed action will not violate an in terrorem clause is limited to the type of proposed action *that the petitioner has described.*"[49] In *Burkhalter I*, the original petition for a declaratory judgment, which was amended upon remand, "fail[ed] to specify the proposed claims against the executor[ ] sufficient for the trial court to have determined that those claims would not violate the in terrorem clause."[50] Thus, the probate court failed to examine whether any proposed allegation against the executor "would be a violation of the in terrorem clause or whether, based on those allegations, application of the in terrorem clause would be void."[51] In remanding the case, we held that the probate

---

[47] *Burkhalter I*, 343 Ga. App. at 422 (2), *quoting Sinclair*, 284 Ga. at 500.

[48] *Id*. at 423 (2).

[49] *Id*. at 422 (2).

[50] *Id*. at 423 (2).

[51] *Id*.

19

court erred in failing "to analyze the issue of the petitioners' proposed claim against the executor[ ] . . . ."[52]

As explained *supra*, following our remand of this case in *Burkhalter I*, the appellees filed an amended petition for a declaratory judgment, requesting, *inter alia*, a declaration that they could file a petition for an accounting, or in the alternative, removal of the executor, without violating the in terrorem clause detailed *supra*. Although the amended petition did not detail the specific claims the appellees intended to assert against William, as the executor, they attached a proposed petition for an accounting or removal of executor as an exhibit to the petition. In the proposed petition, the appellees allege the executor failed to comply with and carry out the dispositive provisions of Louise's will. They also allege the executor "failed to exercise good faith, care, and diligence in the management and administration of the Estate." And as to potential misconduct by William, the probate court expressed concern that he admitted to distributing the estate to other beneficiaries and determining the appellees' actions violated the in terrorem provision, all while these issues were pending before the court. The court concluded that this conduct "gives a legitimate question of settlement of accounts by [the] executor to the beneficiaries."

---

[52] *Id.* at 424 (2).

Unlike the petition at issue in *Burkhalter I*, the appellees' amended petition provided the claims that they intended to assert in a future petition to remove the executor, and the probate court expressed its specific concerns over William's actions as executor. Thus, under *Sinclair*, the probate court did not err in concluding that filing the proposed petition for an accounting, or in the alternative, removal of executor would not violate the will's in terrorem clause.[53]

Notwithstanding our Supreme Court's holding in *Sinclair*, William summarily concludes the appellees will violate the in terrorem clause if they file a petition to remove the executor "for a frivolous reason, or for no reason at all . . . ." William also asserts that "[t]here seems little question[ ] that [his] actions . . . have been taken in direct accordance with the wishes of the [t]estator through her written [w]ill." But those questions were not before the probate court, which only declared that the

---

[53] *See Norman v. Gober*, 292 Ga. 351, 354 (1) (737 SE2d 309) (2013) (interpreting *Sinclair* as holding that a petition for accounting or for the removal of an executor does not constitute a will contest because it first affirms the validity of the will); *Sinclair*, 284 Ga. at 503 (2) (holding that "the trial court should have granted summary judgment in favor of [the beneficiary] because the in terrorem clause in [t]estatrix's will does not and cannot require forfeiture of his interest if he files the proposed action for accounting and removal of [e]xecutor"); *Burkhalter I*, 343 Ga. App. at 423 (2) ("The [Supreme] [C]ourt in *Sinclair* . . . strictly construed the in terrorem clause, as required, and determined that it applied 'only to an actual will contest' and not to the proposed action by the petitioner, which sought an accounting and removal of the executor for cause." (footnote omitted)).

21

appellees could initiate a *future* action challenging William's potential misconduct as executor. Moreover, William cites to no legal authority suggesting that a probate court is required to determine whether the appellees' proposed claims against an executor are meritorious before determining the potential claims themselves would not violate the in terrorem clause.

In *Sinclair*, our Supreme Court held that an action for an accounting or to remove an executor does not violate an in terrorem clause, explaining that "nothing herein ruled relates to the question as to whether the proposed action would be good or bad in law or equity."[54] Furthermore, the *Sinclair* Court explained that "[i]t is not material to this [declaratory-judgment] suit that, in the proposed action, [the beneficiary] could conceivably choose to risk a forfeiture of his interest under the will by requesting relief beyond that which is outlined in his complaint for declaratory judgment."[55] Similarly, here, it is immaterial that the appellees' claims might fail in a future proceeding or that they might bring claims not detailed in their declaratory-judgment petition. And given the binding precedents in *Sinclair* and *Burkhalter I*, discussed *supra*, the probate court did not err in declaring that the appellees could file

---

[54] *Sinclair*, 284 Ga. at 503 (2).

[55] *Id.*

a future petition for an accounting, or in the alternative, removal of the executor without violating the in terrorem clause in the decedent's will.[56]

For all these reasons, we affirm the probate court's order granting the appellees' petition for a declaratory judgment.

*Judgment affirmed. Gobeil and Hodges, JJ., concur.*

---

[56] *See supra* note 53.